73257. PAUL v. SHARPE.
73258. JEFFERSON COMPANY v. SHARPE.
73259. PAUL v. HERMAN.
73260. JEFFERSON COMPANY v. HERMAN.
(352 SE2d 626)

CARLEY, Judge.

The then eight-year-old appellee-plaintiff Miss Angela Denise Sharpe was, at the time relevant to the instant companion cases, pay-

ing her first visit to the apartment complex where her aunt and her cousin lived. She was accompanied on her visit by her mother, appellee-plaintiff Mrs. Beverly Ann Sharpe Herman. The apartment complex was owned by appellant-defendant Mrs. Donna Skinner Paul and was being managed on her behalf by appellant-defendant Jefferson Company. While the adults remained inside the apartment, appellee Sharpe, her cousin, and her aunt's stepchild went outside. A creek ran in front of the apartment complex, separating it from the public roadway. Two bridges crossed the creek and apparently provided the only means of ingress to and egress from the apartment complex for vehicles and pedestrians. Ornamental iron railings ran along the sides of these bridges. Appellee Sharpe and the other children ventured onto one of the bridges to see whether any golf or tennis balls were in the creek. To this end, appellee Sharpe leaned on the iron railing to look down into the creek. However, the iron railing gave appellee Sharpe only the illusion of safety. As the result of rust and corrosion, it gave way and appellee Sharpe fell into the creek below.

Appellee Sharpe, by next friend, filed suit against appellants to recover for the physical injury she suffered in her fall from the bridge. Appellee Herman filed a separate action against appellants to recover for the loss of her child's services and for medical expenses. The two actions were tried jointly and the jury returned verdicts in favor of both appellees against both appellants. Both appellants, having moved unsuccessfully for judgments n.o.v., filed separate notices of appeal from each of the two judgments entered against them. The enumerations of error in the resulting four companion cases raise only the general grounds and virtually the identical contentions in support thereof. Accordingly, the four cases are hereby consolidated for disposition in this single opinion.

1. Among the specific contentions urged in support of the general grounds is that appellee Sharpe was, as a matter of law, a mere licensee who was not injured as the result of appellants' wanton and wilful negligence.

"Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair. [Cits.]" *Crossgrove v. Atlantic Coast Line R. Co.*, 30 Ga. App. 462, 464 (2) (118 SE 694) (1923). "A guest of a tenant is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises." *Rothberg v. Bradley*, 85 Ga. App. 477 (2) (69 SE2d 293) (1952). "The landlord owe[s] to the visitor of the tenant, whose presence the landlord [is] bound to anticipate, the duty of not exposing the guest to a dangerous and deceptive situation

amounting to a hidden peril. [Cit.] The duty to keep the premises safe for invitees extends to all portions thereof which it is necessary for the invitee to use in the course of the business for which the invitation [is] extended and on which his presence should be reasonably anticipated, or to which he is allowed to go. . . . The invitee may not wander at will without further invitation to 'out-of-the-way and dangerous places' on the premises; neither may he use parts of the premises for purposes wholly disconnected from and in no way pertaining to the business in hand or the objects of the invitation." *Rothberg v. Bradley*, supra at 483.

The injury in the instant case occurred in a common area of the apartment complex which was open to all tenants, over which premises appellant Paul, acting through her agent, appellant Jefferson Company, retained the qualified right of possession and control. See generally *Thompson-Weinman & Co. v. Brock*, 144 Ga. App. 346, 347 (1) (241 SE2d 279) (1977). Appellee Sharpe certainly did not lose her invitee status merely by walking out onto the bridge which served vehicular and pedestrian traffic and by then looking over the edge into the creek below. "[T]he situation is not analogous to those where an invitee wanders at random about the premises or goes to a place where he is not invited." *Rothberg v. Bradley*, supra at 484. Compare *Bronesky v. Estech, Inc.*, 170 Ga. App. 724 (318 SE2d 194) (1984); *Wright v. Shoney's of Savannah*, 141 Ga. App. 362 (233 SE2d 474) (1977).

As to invitees on the bridge, appellants' liability is not predicated upon wanton and wilful negligence. The applicable standard of care is that prescribed by OCGA § 51-3-1. See generally *Maloof v. Blackmon*, 105 Ga. App. 207, 208 (4a) (124 SE2d 441) (1962). "It is to be borne in mind that at all times the defendants retained qualified possession and general supervision over this apartment [complex]; and as to their liability for personal injuries to the invited guests of their tenants in this apartment [complex], and as to their liability for personal injury to the invited guests of their tenants of this apartment, control of the [bridge] and other parts of the apartment [complex] which were used in common by the other tenants remained with the defendants. A landlord, letting portions of a [complex] to separate tenants, retaining other portions under his control, is under the responsibility of a general owner of real estate who holds out a general invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to keep the portion thus retained by him reasonably safe and fit for the uses which he has invited others to make of it. [Cits.]" *Rothberg v. Bradley*, supra at 484-485.

2. Appellants urge in support of the enumerated general grounds the further contention that there is no evidence of their "superior knowledge" of the "static defect" created by the loose railing along

the edge of the bridge.

Under the facts of the instant case, appellants do not occupy the status of mere landlords. They are also land owners and, it is in that capacity that they were sued for an injury occurring on the common areas of the apartment complex. "When the tenant is in the exclusive possession and control of the rental premises, the landlord is under no duty of examining the same with a view to ascertaining whether or not repairs are needed, unless requested so to do.' [Cits.] But where the landlord . . . 'retains a qualified possession and general supervision of his building,' he may be held liable for injuries arising from failure to maintain the building in proper repair, *even without actual notice of the defect*, if, in the exercise of ordinary care, he should have known of it. [Cits.]" (Emphasis supplied.) *Crossgrove v. Atlantic Coast Line R. Co.*, supra at 464-465 (2a). The evidence in the case at bar was sufficient to authorize a finding that, notwithstanding appellants' lack of actual knowledge of the defect, they should, in the exercise of ordinary care, have known of it. See generally *Thompson-Weinman Co. v. Brock*, supra at 348 (2). Compare *Professional Bldg., Inc. v. Reagen*, 129 Ga. App. 183 (199 SE2d 266) (1973).

With regard to the question of appellee Sharpe's "knowledge" of the defect, the following legal principles are applicable: "An invitee, in coming upon land, may rely upon the discharge by the owner of his duty to exercise ordinary care to keep the premises safe; and, therefore, the invitee is not necessarily and as a matter of law guilty of negligence and a failure to exercise due care for his own safety in failing to discover a patent defect in the premises which renders it unsafe for persons coming upon the premises. Therefore, if a defect, though patent, is not of such a nature and character as to be necessarily seen, in the exercise of ordinary care by a person coming upon the premises and who has a right to rely upon the duty of the owner or occupier of the premises to keep them safe, an invitee coming upon the premises, who, without observing such defect, is tripped by it and injured, is not, as a matter of law, guilty of negligence in not observing this defect. [Cit.]" *Rothberg v. Bradley*, supra at 481-482. The evidence in the instant case was sufficient to authorize a finding that the eight-year-old appellee Sharpe was not negligent in leaning against the deceptively standing-but-loose railing. See generally *Brewer v. Gittings*, 102 Ga. App. 367, 371 (2) (116 SE2d 500) (1960). This is true notwithstanding any prior knowledge that the other children might have had regarding the condition of the railing. See generally *Rothberg v. Bradley*, supra at 486.

It is thus abundantly clear that this case does not present an exception to the established legal rule that negligence and contributory negligence are issues which are generally only for the jury to determine.

3. Appellant Paul further enumerates the general grounds on the asserted basis that the sole proximate cause of appellee Sharpe's injury was the lack of proper parental supervision on the part of appellee Herman.

The evidence clearly did not demand a finding that appellee Herman breached the parental duty of preventing her child "from going into places of obvious danger. [Cit.]" *Augusta Amusements v. Powell,* 93 Ga. App. 752, 755 (92 SE2d 720) (1956). Compare *Wren v. Harrison,* 165 Ga. App. 847 (303 SE2d 67) (1983). "An invitee, in coming upon land, may rely upon the discharge by the owner of his duty to exercise ordinary care to keep the premises safe. . . ." *Rothberg v. Bradley,* supra at 481. "It certainly cannot be said as a matter of law that [she] was negligent in allowing her child of the age of [eight] years . . . to go [outside] unattended, even if it could be found by a jury as a question of fact. [Cit.] While the evidence authorized the inference of [appellants'] negligence, or else the verdict would not stand, the mother was not required to anticipate that [they] would be negligent. [Cit.] The mother was in her [sister's apartment] and had allowed the child to go [outside with other children]. She did not know of [appellants'] negligence and could not have known of it by the exercise of ordinary care until after the occurrence, not being required to anticipate it. If she had been with the child or could by the exercise of ordinary care have known of [appellants'] negligence in time to have avoided the injury, different questions would be presented. [Cit.]" *Savannah Elec. Co. v. Thomas,* 30 Ga. App. 405, 415 (13) (118 SE 481) (1923). The evidence clearly authorized the jury to find that it was appellants' negligence that constituted the sole proximate cause of appellee Sharpe's injury.

4. Appellant Jefferson Company makes the further assertion in support of the general grounds that, as an agent, it is not to be held liable for mere nonfeasance and, there being no evidence that it ever undertook to inspect the railings on the bridge, the judgments against it cannot stand. See generally *Kimbrough v. Boswell,* 119 Ga. 201 (1) (45 SE 977) (1903).

The evidence clearly shows that appellant Jefferson Company was appointed as and assumed the duties of appellant Paul's general agent for "all maintenance and repairs" at the apartment complex. Under these circumstances, appellant Jefferson Company's utter failure to inspect the railings on the bridge, "although . . . an act of omission, was not an act of mere nonfeasance, but was an act of misfeasance." *Southern R. Co. v. Grizzle,* 124 Ga. 735, 738-739 (1) (53 SE 244) (1905). " 'An agent who undertakes the sole and complete control and management of the principal's premises is liable to third persons, to whom a duty is owing on the part of the owner, for injuries resulting from his negligence in failing to make or keep the premises

in a safe condition.' [Cit.]" *Risby v. Sharp-Boylston Co.*, 62 Ga. App. 101, 103 (7 SE2d 917) (1940).
*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987.

*John T. Laney III, Kay D. Thompson*, for Paul.
*Lee R. Grogan*, for Jefferson Company.
*William L. Tucker, Frank K. Martin*, for appellees.