A90A0417. PLANTATION AT LENOX UNIT OWNERS'
ASSOCIATION, INC. v. LEE.
A90A0418. PERRY REALTY SERVICES, INC. v. LEE.
(395 SE2d 817)

POPE, Judge.

Plaintiff Maxwell R. Lee was severely injured when he struck his head against the bottom of the concrete swimming pool owned by defendant, the Owners' Association of a condominium. A homeowner at the condominium had reserved the clubhouse belonging to defendant Association on behalf of a friend who was graduating from high school and who hosted a party at the clubhouse for her friends after their prom. The hostess, through her friend, the homeowner, paid a rental fee for the use of the clubhouse. The written rules governing rental of the clubhouse expressly excluded use of the swimming pool adjacent to the clubhouse. According to the permit from the Fulton County Health Department governing defendant's operation of the pool, the pool could be operated from 9:00 a.m. to 9:00 p.m. The party in question did not commence until around 11:00 p.m. on May 23, 1987. The record shows that although the exterior fence to the swimming pool was locked, the door leading from the clubhouse to the pool was open and several of the guests attending the party congregated around or in the pool. No electric lights were on inside the pool or around the pool deck. Plaintiff described the light level around the pool as too dark to read a newspaper and such that he would have had to watch where he was going to avoid walking into deck furniture. During the party a security guard employed by the manager of the property ar-

rived to investigate a complaint that the party goers were making too much noise. The guard could have seen guests in and around the pool but issued no warning about staying out of the pool area and failed to turn on the lights in and around the pool.

Plaintiff decided to go swimming and dived into the pool. He admitted the water was black and that he could not see the bottom of the pool. He had no idea which end of the pool he was diving into. He did not see anyone in the pool from which he could make a judgment as to depth. In fact, he admitted he saw nothing from which he could form a judgment as to the depth of the pool. Plaintiff struck his head against the bottom of the pool and sustained serious injuries leaving him permanently paralyzed from the chest down. Plaintiff brought suit against the Association, the real estate management company hired by the Association to manage the property and the company which provided security guards for the property. The trial court denied summary judgment to the Association and the management company and this court granted their applications for interlocutory appeal.

1. Although the homeowner who arranged for the rental of the clubhouse was an owner in common of all common property at the condominium complex, according to the rules of the Association it was necessary for him to lease the use of the clubhouse for a private party. Consequently, it can be said the homeowner was a "tenant" of the Association under the circumstances. The homeowner reserved the clubhouse for the use of his guest, the hostess of the prom party. Plaintiff was thus the guest of the guest of the tenant and therefore was an invitee, not a mere licensee, of the Association's premises. See *Paul v. Sharpe*, 181 Ga. App. 443 (1) (352 SE2d 626) (1987). The duty owed by defendants to plaintiff was that of ordinary care to keep the premises safe, pursuant to OCGA § 51-3-1.

2. The issue raised by defendants' motions for summary judgment is whether liability for defendants' negligence, if any, was cut off because the proximate cause of plaintiff's tragic injury was, as a matter of law, plaintiff's own negligent failure to exercise ordinary care for his own safety. In most of the swimming pool cases addressed by this court to date the plaintiff was shown to have previous familiarity with the pool in question so that he knew or should have known of the depth of the water into which he was diving. See *Sims v. Willoughby*, 179 Ga. App. 2 (345 SE2d 626) (1986); *Murphy v. D'Youville Condominium Assn.*, 175 Ga. App. 156 (333 SE2d 1) (1985); *Davis v. LaRue Enterprises*, 146 Ga. App. 516 (246 SE2d 515) (1978); *Shuman v. Mashburn*, 137 Ga. App. 231 (223 SE2d 268) (1976). An earlier case involved circumstances whereby the depth of the water was plainly visible if plaintiff had simply looked. See *Day v. Trion Co.*, 56 Ga. App. 1 (192 SE 88) (1937). In these cases, the defendant was entitled

to summary judgment. The case now before us is distinguishable from earlier cases since the plaintiff was not familiar with the pool and he testified that the depth of the water was not plainly visible because of the darkness of the pool and the surrounding area. Although the undisputed evidence shows that numerical markings were placed at the side of the pool indicating its depth to range from three to five feet, plaintiff and several of the other guests at the party gave sworn statements that they saw no such markings and, construing the evidence in favor of plaintiff, we must assume that a jury issue exists as to whether defendants' failure to light the pool area negligently prevented plaintiff from seeing the markers.

The dissenting opinion concludes "we cannot" decide the issue of proximate cause as a matter of law because the facts of this case are analogous to the facts in *George v. Brandychase, Ltd., Partnership*, 841 F2d 1094 (11th Cir. 1988), in which the Eleventh Circuit Court of Appeals, construing Georgia law, held that an issue for jury determination existed as to whether an apartment complex owner was liable for plaintiff's injuries in diving into the shallow end of a pool at night after the pool was supposed to have been closed and locked up. First, it must be noted that the analysis and holding of the *George* case is instructive only and is not binding on this court. Secondly, material factual distinctions exist between the two cases. In *George*, the pool deck area was partially lighted and two of four underwater lights were illuminated creating a "shadow effect" on the pool surface. The court held that the factual circumstances disclosed an issue "of whether an ordinarily prudent person would have reasonably apprehended the possibility of danger and thus exercised ordinary care to avoid its consequences." Id. at 1097.

Here, by contrast, plaintiff testified the water was black, because of the darkness, and he could not see the bottom of the pool. He admitted he did not have any idea which end of the pool he was diving into. In contrast to the circumstances in the *George* case, in which the pool was partially lighted in such a way that its apparent depth was arguably distorted, here plaintiff admitted he saw nothing by which he could judge the depth of the pool. Under these circumstances, it cannot be said that failure to light the pool or any other negligent act or omission on the part of defendants contributed to plaintiff's misjudgment or, more accurately, failure to judge the depth of the water before diving. Although a jury could reasonably find defendants were negligent in failing to prevent access to the pool or, having discovered that it was being used, failing to light the pool for the swimmers' safety, we conclude this negligence could not, as a matter of law, be the proximate cause of plaintiff's injury. To rule that a jury issue remains would be to assume that the maintenance of any swimming pool necessarily involves an invitation to dive in blind reliance on the

safety of such an act without any duty of the actor to use his or her sight, experience or judgment in ordinary care for his own safety. In other words, because plaintiff admitted he relied on nothing to judge the safety of his act, to rule that an issue of negligence remains would be to ignore the Georgia doctrine of avoidable consequences. An owner of a swimming pool is not an insurer of its safety but is liable for injury only if its negligence was the proximate cause of the injury. *Ward v. City of Millen*, 162 Ga. App. 148 (290 SE2d 342) (1982). While proximate cause is generally an issue for the jury, in plain and undisputed cases the court may make a determination as a matter of law. *Hercules, Inc. v. Lewis*, 168 Ga. App. 688 (309 SE2d 865) (1983).

Plaintiff was over seventeen years old at the time the incident occurred and had extensive experience swimming in concrete pools. He admitted awareness that a swimmer could strike his head against the bottom of a pool and that a swimmer should be cautious when diving into the shallow end of a pool. He had previously injured his head on the bottom of a pool, although not by diving, but by playing underwater games. The evidence shows he comprehended the danger of diving into water of an unknown depth. Thus, it cannot be said that an issue remains for jury determination concerning whether defendants had a duty to warn plaintiff of the dangers inherent in diving into an unlighted swimming pool without knowledge of its depth. Cf. *Coates v. Mulji Motor Inn*, 178 Ga. App. 208 (342 SE2d 488) (1986).

We reject plaintiff's argument that alleged violation of local building codes in the operation of the pool created an issue of fact to defeat defendants' motion for summary judgment. As discussed above, failure to post warning signs, failure to lock the pool area or to illuminate the pool once it was discovered that swimmers were in the pool is not, as a matter of law, the proximate cause of plaintiff's injury under the factual circumstances of this case.

*Judgments reversed. Carley, C. J., Banke, P. J., Sognier and Cooper, JJ., concur. Deen, P. J., and McMurray, P. J., dissent. Birdsong and Beasley, JJ., disqualified.*

Deen, Presiding Judge, dissenting.

The facts in this case are similar to those in *George v. Brandychase, Ltd., Partnership*, 841 F2d 1094 (11th Cir. 1988); therefore, we cannot conclude that as a matter of law the plaintiff/movant's own negligence was the proximate cause of his injury, thereby barring his recovery. The proximate cause issue must go to the jury. This court erroneously determined these issues as a matter of law. The record is sufficient to establish that due to the shadows cast upon the pool by the partial lighting, it was difficult to ascertain the depth of the pool. The affidavits of several party goers in conjunction with

the expert affidavit support this proposition. Although the plaintiff stated that he could not see the bottom of the pool, it was for the jury to decide whether his conduct superseded that of the defendants' and thus was the proximate cause of his injury. We should affirm the trial court's denial of this motion for summary judgment, and I respectfully dissent.

I am authorized to state that Presiding Judge McMurray joins in this opinion.

DECIDED MAY 24, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Stefan E. Ritter,* for appellant (case no. A90A0417).

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Julie L. Ginden,* for appellant (case no. A90A0418).

*Johnson & Ward, William C. Lanham, Clark H. McGehee,* for appellee.