A92A1615. WINCHESTER v. SUN VALLEY-ATLANTA ASSOCIATES et al.
(424 SE2d 85)

POPE, Judge.
Plaintiff/appellant Lamarion Winchester, by his next friend Lajuan Winchester, brought suit against defendants/appellees, the owners and managers of Sun Valley Apartments, seeking to recover for personal injuries plaintiff sustained when he fell over a brick retaining wall located on defendants' property. The trial court granted defendants' motion for summary judgment, and plaintiff appeals.

The record shows that at the time of the accident plaintiff, who was five years old, and his mother were visiting a friend of his mother who lived at Sun Valley. Plaintiff and some other children were playing kickball in an open field which was surrounded by several apartment buildings including the building where the friend lived. A brick retaining wall was located at one end of the field. The field as well as the retaining wall were visible from the friend's apartment. Plaintiff was running to retrieve a ball when he fell over the wall and onto the sidewalk below. The wall, which ran the entire length of one end of the field, extended anywhere from one inch to one-and-one-half feet above ground level.

1. Plaintiff first contends the trial court erred in granting defendants' motion to strike plaintiff's response to defendants' motion for summary judgment. The record shows that defendants filed their motion for summary judgment and supporting documents on September 28, 1990. On November 30, 1990, plaintiff filed his response to defendants' motion, his statement of genuine issues of fact to be tried, his brief in opposition to defendants' motion and his first amended complaint. On December 5, 1990, plaintiff also filed the affidavit of Belinda Crumbley, a resident of Sun Valley at the time plaintiff was injured. Defendants then filed a motion to strike plaintiff's response on the ground that it was not filed within 30 days as required by Uniform State Court Rule (USCR) 6.2.

The gist of plaintiff's argument to this court in support of this enumeration is that because defendants requested a hearing on their

summary judgment motion, then plaintiff, pursuant to OCGA § 9-11-56 (c) and notwithstanding the time requirements of USCR 6.2, was entitled to file his response to defendants' summary judgment motion at any time prior to any hearing which might be set on that motion. However, OCGA § 9-11-56 (c) refers only to the filing of opposing *affidavits* prior to the day of hearing and thus provides no authority for other responsive materials to be filed outside the 30-day period prescribed in USCR 6.2. See *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64 (1) (374 SE2d 785) (1988) (in which this court held that the trial court should have considered the *affidavit* filed by appellant even though it had not been filed within 30 days of appellee's summary judgment motion).

In this case, contrary to plaintiff's contentions on appeal, defendants did not seek to strike plaintiff's affidavit filed December 5. Although defendants argued in their brief in support of their motion to strike that plaintiff's affidavit did not create a genuine issue of material fact so as to preclude the grant of summary judgment to defendants, and likewise argued that nothing contained in plaintiff's amended complaint should so preclude judgment in their favor, defendants did not seek to "strike" these documents. Defendants' motion clearly pertained only to those responsive materials plaintiff filed on November 30, 1990. Likewise, the trial court did not refer to the affidavit or amended complaint in its order granting defendants' motion to strike. The trial court did not err in striking plaintiff's untimely response to defendants' motion for summary judgment.

2. Plaintiff also argues that, even assuming this court affirms that portion of the trial court's order granting the motion to strike, the pleadings, deposition testimony and affidavits of the parties show genuine issues of material fact which remain for resolution by the jury.

As to the issue of the standard of care owed to plaintiff, we agree that plaintiff occupied the status of an invitee in this case. " 'A guest of a tenant is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises.' [Cit.]" *Paul v. Sharpe*, 181 Ga. App. 443, 444 (1) (352 SE2d 626) (1987). Consequently, "[t]he applicable standard of care is that prescribed by OCGA § 51-3-1." Id. at 445. "The general rule, however, is 'that a landowner is not liable for injuries to an invitee arising from a patent defect on the premises preexisting the arrival of the invitee and of which the invitee knew or had the means of knowing equal to the landowner. . . . The true ground of liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. (Cit.)' [Cit.]" *Roth v. Wu*, 199 Ga. App. 665, 666

(1) (405 SE2d 741) (1991). See also *Emory Univ. v. Duncan*, 182 Ga. App. 326, 328 (2) (355 SE2d 446) (1987). "The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. [Cits.] However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care. [Cits.]" *Georgia Farmers' Mkt. Auth. v. Dabbs*, 150 Ga. App. 15, 16 (2) (256 SE2d 613) (1979). See also *Golf Club Co. v. Rothstein*, 97 Ga. App. 128, 132 (102 SE2d 654), aff'd, 214 Ga. 187 (104 SE2d 83) (1958).

According to the deposition testimony of plaintiff's mother, the top of the brick retaining wall which plaintiff contends constituted a defective condition on the property was visible from at least the distance of her friend's apartment which was located approximately 72 feet away from the wall. At no point was the top of the wall even with the ground and at some points the wall extended one-and-one-half feet above ground level. The far right portion of the wall descended in a stair-like fashion and was also clearly visible. Under these facts, we agree with defendants that the undisputed evidence in this case shows the allegedly defective condition to be open, obvious and in plain view.

Plaintiff argues that notwithstanding the obvious nature of the hazard in this case, application of the "distraction" doctrine prevents the grant of summary judgment to defendants. See *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978). However, there is no evidence in this case that the plaintiff was distracted by any act of the defendants or by anything placed on the premises by them. Rather, if plaintiff was distracted in this case, it was only because of his own activities in playing and chasing after the ball. Indeed plaintiff's original complaint states that "[w]hile running, in an attempt to retrieve a ball, plaintiff failed to notice the drop at the edge of the property, thereby falling over the edge and sustaining severe injuries." "If the plaintiff was distracted solely by his own activities, his failure to observe a potential danger is not excused." *Georgia Farmers' Mkt. v. Dabbs*, 150 Ga. App. at 18. See also *Stenhouse*, 147 Ga. App. at 475.

" '(R)egardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability.' [Cit.]" *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47, 50 (183 SE2d 7) (1971). "The proof offered clearly puts this case within the line of cases involving the "plain view" doctrine and effectively eliminates any "distraction" theory." (Citations and punctuation omitted.) *Emory Univ. v. Duncan*, 182 Ga. App. at 328-329. It follows that the trial court did not err by ruling that defendants were entitled to judgment

as a matter of law in this case.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 2, 1992.

*Walker & Associates, Betty B. Walker, Denise E. Whiting-Pack,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier, S. Deeann Boatright,* for appellees.