A97A1437. CRAIG v. LAKESHORE MARINE, INC. et al.
(491 SE2d 197)

Judge Harold R. Banke.

After sustaining injuries in a diving accident, Bobby Dean Craig sued Sonny Carr, Hudson Arthur, and Lakeshore Marine, Inc. ("Lakeshore"), the owners and operators of the premises where his injury occurred. The trial court granted Arthur and Lakeshore's motion for summary judgment and Craig appeals, enumerating one error.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that this case arose after Craig rented a cabin from Carr on the shore of Lake Blackshear near Lakeshore's marina. A concrete retaining

wall lined the shore.

Craig and his wife spent the day sightseeing and then returned to the cabin. Later, they walked to the water's edge and fed some ducks at a wide clearing located between a canal and a dock. He testified that he could not see the lake's bottom when he fed the ducks because the water was "murky." Craig also testified that he could not see any fish swimming under the water.

The next morning, Craig rose around 10:00, walked around with Carr, and had a beer. After walking around the nearby canal, he decided to go fishing. Craig then drove for bait, and returned to rig the poles.

Craig got hot around noon. He pulled his shoes and shirt off and ran full speed toward the water. Despite the lake's murkiness and his inability to see the bottom, Craig did nothing to ascertain the water's depth before executing a running dive into less than two feet of water, at the same place where he fed the ducks the night before. The broken neck he sustained rendered Craig a quadriplegic.

The trial court granted Arthur and Lakeshore's motion for summary judgment, finding that Craig's own negligence in diving into the water without verifying its depth proximately caused his injury. It held as a matter of law that the failure to post no diving signs was not the proximate cause of Craig's injury. *Held*:

Summary judgment was appropriate. The owner of a swimming facility is not an insurer of his invitees' safety. *Plantation at Lenox &c. v. Lee*, 196 Ga. App. 420, 423 (2) (395 SE2d 817) (1990). Owners face liability only if their negligence was the proximate cause of the injury. Id. Invitees are under a duty to use their eyes to discover any defects or dangers. *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 280 (361 SE2d 261) (1987). The simple denial of knowledge that a particular danger existed within a generally known hazard, without more, does not create an issue of fact. Id. at 280-281. "One cannot admit knowledge of the presence of a mine field but claim ignorance because he was not aware that a mine was placed at the point he decided to enter it." Id. at 281.

The record shows that Craig, a Navy veteran with a "good bit" of water safety training, was 34 years old when he was injured. He testified that as a child his father taught him to dive shallow to avoid neck injuries from hitting the bottom. From the time he was ten, he always dove shallow in unfamiliar waters to avoid hitting the bottom and breaking his neck. In his past, Craig swam extensively in natural bodies of water. He distinctly remembered trying to make a shallow dive at the time of his injury "possibly" to avoid hitting the bottom if it was shallow. Further, the defense presented photographic evidence of a sign near the shore stating "Private Beach . . . Swim at Own Risk . . . Caution Lake Level *Below* Normal Submerged

Stumps . . . Use Extreme Caution." (Emphasis in original.) Medical records of the injury at issue state that Craig had a strong odor of alcohol on his breath and admitted he had been drinking all weekend. This evidence convinces us that the trial court correctly determined that Craig proximately caused his own injury.

Craig argues that a material issue of fact as to his awareness of the water's depth precluded summary judgment. He maintains that the retaining wall, boats traveling in a nearby canal, and a ladder on a nearby dock led him to believe the water was deeper. However, the record shows that both the canal and the dock were a substantial distance from the spot where he took his unfortunate dive. Craig admitted that he had seen no one boating within 15 feet of the retaining wall and no other swimmers were in the water, which is not surprising considering the date, in early April. We find no evidence from which a juror could conclude that Craig behaved reasonably in failing to ascertain the water's depth before diving into unknown waters. Compare *Rowland v. Colquitt*, 214 Ga. App. 544 (448 SE2d 457) (1994), rev'd on other grounds, *Colquitt v. Rowland*, 265 Ga. 905 (463 SE2d 491) (1995). To rule that a jury issue remains would be to assume that the ownership of any lake with a retaining wall necessarily involves an invitation to dive in blind reliance on the safety of such act without any duty of the diver to use his sight, experience, or judgment in ordinary care for his own safety. *Plantation*, 196 Ga. App. at 422-423.

Craig's reliance on swimming pool cases is misplaced. Owners of pools with or without diving boards can reasonably expect that their guests may attempt dives. Here, the body of water was a lake of widely varying depth.

Thus, Craig's analogy to *Rowland* is inapt. *Rowland* involved a diving board placed in a shallow swimming pool, which provided an invitation to take a dive. Here, no such apparatus even hinted that diving was appropriate. And no other swimmers had successfully completed a dive. In this case, Craig, a good swimmer who had learned from an early age that neck injuries could result from diving in shallow water, admittedly executed a running dive into water of unknown depth, when no rational factors lulled him into a false sense of security about the depth or prevented him from discovering it.

A person cannot undertake an obviously dangerous activity and simultaneously relieve himself of the consequences of his own misadventure, as Craig seeks to do here. *O'Brien*, 184 Ga. App. at 281. Craig erroneously assumed the water was safe for a shallow dive and neglected to verify that assumption notwithstanding his admitted knowledge that such activity was dangerous. Under the facts of this case, Craig's failure to exercise ordinary care for his own safety pre-

cludes his recovery as a matter of law. *City of Winder v. Girone*, 265 Ga. 723, 724 (2) (462 SE2d 704) (1995).

*Judgment affirmed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED AUGUST 12, 1997.

*Harper & Barnes, John V. Harper*, for appellant.
*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat*, for appellees.