A98A0559. GENERAL MANUFACTURED HOUSING, INC.
v. MURRAY et al.
(504 SE2d 220)

Judge Harold R. Banke.

Barry Murray brought an action for personal injuries against General Manufactured Housing, Inc. ("GMH") and his wife asserted a loss of consortium claim. Enumerating four errors, GMH appeals the judgment entered on the jury's verdict.

On appeal, the evidence must be strongly construed to support the jury's verdict and the judgment entered thereon. *Walker v. Bruno's, Inc.*, 228 Ga. App. 589 (492 SE2d 336) (1997). Viewed in this manner, the evidence showed that GMH contracted with Patterson Roof Cooling ("Patterson") to install an evaporative roof cooling system for its manufacturing plant. Patterson subcontracted with Murray Plumbing for some plumbing work. GMH's roof was comprised of metal panels interspersed with fiberglass panels. As Murray, an experienced master plumber, was up on the roof installing sprinkler pipes, he suddenly plunged through a fiberglass skylight. Murray suffered catastrophic injuries including a crushed skull fracture and a severe brain injury. At the time of trial, his medical bills already exceeded $285,000.

The evidence conflicted as to the exact cause of the fall. Murray, who had no memory of the incident and who had sustained serious mental impairment, did not testify. Rockland Redmond, the on-site project manager, was the closest witness and had a full view of Murray at the time of the incident. Redmond testified that he observed Murray kneeling while he glued a piece of pipe. When Murray stood up and took a half step backward, the metal roof flexed downward moving under Murray's weight causing Murray to momentarily step backward onto the skylight as he tried to catch his balance. According to a witness, after Murray fell he saw a several inch rip or tear in the metal that had not been there before he fell.

Although GMH had replaced half of the roof, the area where Murray was working had not been repaired since 1971. Industry standards and the applicable Ware County ordinance mandated that all areas of roofs including skylights support a 200 pound load and Murray weighed 185 pounds or less. According to Redmond, who had installed cooling systems on 50 or 60 similar roofs, he had never seen fiberglass panels in a worse condition.

A civil engineer and former University of Florida professor, Don Halperin, Ph.D., testified that due to corrosion and aging, areas of the roof had become unsafe and defective. According to Halperin, the structural integrity of the roof could have been checked by using a simple test with a screwdriver in areas of obvious or suspected rust. GMH presented no evidence that the roof had been inspected for strength, even though Murray's expert testified that such metal roofs often develop serious structural problems after 20 years. GMH contests the judgment entered on the jury verdict. *Held*:

1. GMH contends that the trial court erred in refusing to direct a verdict and by refusing to grant its motion for judgment notwithstanding the verdict. GMH claims that it was entitled to a directed verdict because: (1) GMH met its statutory duty to warn; (2) Murray's evidence was insufficient to sustain the verdict; (3) Murray assumed the risk of injury as a matter of law; (4) Murray failed to exercise ordinary care for his own safety as a matter of law; and (5) as a matter of law, Murray had equal knowledge of the danger.

A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a). *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552 (487 SE2d 120) (1997). Because the verdict had evidentiary support, this is not such a case. *F.A.F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

The cause of Murray's fall was vigorously disputed. Although the testimony indicated that Murray was aware of the potential danger of the skylights, and, in fact, Murray had cautioned members of his

crew to be careful around them, that evidence did not demand a finding that Murray knew the metal roof was susceptible to moving or ripping. Whether the undulating motion of an unstable area of the roof combined with the skylight's inability to support Murray's weight caused Murray to fall was a question requiring jury resolution. See *Atlanta Obstetrics &c. v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990) (cause in fact and proximate cause are undeniably jury questions except in plain and undisputed cases).

Issues of negligence, contributory negligence, and the lack of ordinary care for one's own safety should generally be resolved at trial, as here, by the factfinder. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976). See *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). GMH's theory that Murray forgot where he was standing and negligently stepped back directly onto a skylight, thereby causing his own fall, cannot be embraced as a matter of law, as proving that Murray failed to exercise reasonable care for his own safety. Compare *Craig v. Lakeshore Marine*, 228 Ga. App. 141, 143-144 (491 SE2d 197) (1997) (physical precedent only) (recovery foreclosed where person deliberately dove headfirst into a lake of unknown depth without checking the depth of the water). Here, there is no evidence that Murray deliberately decided to step onto a fiberglass panel without ascertaining whether it could support his weight. See *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997) (controverted factual issues necessitate jury resolution).

Notwithstanding GMH's claim to the contrary, whether GMH fulfilled its duty to warn Murray of the hidden danger of the roof's condition including both the metal and fiberglass portions was a jury issue. See *Schultheiss v. Prentiss Properties, Ltd.*, 227 Ga. App. 560, 561 (1) (489 SE2d 545) (1997) (owner or occupier has duty to warn of hidden dangers or defects not readily observable to invitees exercising ordinary care); OCGA § 51-3-1.

Similarly, the affirmative defense of assumption of risk is not normally susceptible to a directed verdict. To have assumed the risk, Murray must have subjectively had actual knowledge of the specific, particular risk of harm associated with the condition that proximately caused his injury. *Vaughn v. Pleasant*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). Inasmuch as all aspects of this defense were vigorously disputed at trial, a directed verdict would been improper. OCGA § 9-11-50 (a).

2. GMH claims that the court erred in its instruction on the duty of a premises owner to inspect. The court charged, "A premises owner is required to use ordinary care in inspecting the premises for defects that might be dangerous to invitees and is presumed to know of a defect in the premises if it was discoverable through a reasonable

inspection." In excepting to the charge, GMH stated, "I have some question as to what an owner of the building is presumed to know now and I want to reserve that on appeal." Pretermitting whether this lack of specificity served to properly apprise the court of GMH's reason for objecting, we find that the charge was a correct statement of the law and not inapplicable to the facts in evidence. *Allstate Ins. Co. v. Justice*, 229 Ga. App. 137, 140 (3) (493 SE2d 532) (1997). An expert witness testified without contradiction that the defective condition of the roof was discoverable upon a proper inspection. See *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). Nor did GMH provide evidence that it was not the owner of the building when the roof was constructed. Compare *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 759 (3) (456 SE2d 93) (1995) (unauthorized improvement added by tenant without landlord's consent does not, without more, trigger liability for landlord).

3. The trial court did not err in its instruction on an invitee's duty to look for defects. The charge at issue provided, "Because an invitee is entitled to rely on the possessor of the premises to exercise reasonable care to make the premises safe, the invitee is not required to look continuously for defects." In a similar fact situation, where a laborer fell through a hole in a roof, the Supreme Court stated "looking continuously in all directions is not required in all circumstances." *Ellington*, 237 Ga. at 238.

4. GMH contends that the court erred in refusing to give its requested charge on equal knowledge. Even assuming for the sake of argument only that GMH's objection was properly asserted, the purported error was harmless because the instruction as a whole covered the basic legal principles underlying the requested charge. *Mattox v. MARTA*, 200 Ga. App. 697, 700 (6) (409 SE2d 267) (1991).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 23, 1998 —
RECONSIDERATION DENIED JULY 13, 1998.

*Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellant.

*Gibson & Spivey, Douglas L. Gibson*, for appellees.