### 5018. McDUFFIE v. LUMMUS COTTON-GIN CO.

"A verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Davis* v. *Kirkland*, 1 *Ga. App.* 5 (58 S. E. 209).

DECIDED OCTOBER 7, 1913.

Complaint; from city court of Abbeville—Judge Lasseter. May 12, 1913.

*Max E. Land,* for plaintiff in error. *Hal Lawson,* contra.

RUSSELL, J. The Lummus Cotton-Gin Company sued McDuffie upon a promissory note for the purchase-price of a gin outfit bought under a written contract of purchase, in which the seller agreed to furnish a competent man to superintend the erection of the machinery, and the purchaser agreed to "properly put up and operate the machine according to the printed directions furnished by the manufacturers." Attached to the contract is a drawing applicable to the order, and a statement that blue-prints of building plans and machinery, identified by certain letters and numbers, have been sent, but these blue-prints do not appear in the record. The defendant admitted the execution of the note and assumed the burden of proving his plea of partial failure of consideration, but, at the conclusion of the testimony, upon motion of the plaintiff's counsel, the court directed a verdict in favor of the plaintiff for the full

amount sued for. In the bill of exceptions error is specifically assigned upon the order of the court directing the verdict, upon the ground that there was such an issue of fact presented by the evidence that the jury would have been authorized to find a verdict in favor of the defendant, under the plea of partial failure of consideration, or at least to have returned a verdict for a less amount than that which the court directed the jury to find in favor of the plaintiff.

We are of the opinion that the trial judge erred in directing the verdict. There is ample evidence in the record that the machinery failed to work satisfactorily. The particular in which the operation of the machinery was defective was that the fan failed to suck the cotton up and blow the seed away as fast as it should. By reason of this condition the seed flues became clogged up, and it was necessary to remove the seed by hand; and frequently the belts would be torn. According to some of the testimony the delay in clearing the seed flues by hand greatly reduced the daily ginning capacity of the outfit, to say nothing of the expense entailed by the breakage of the belts. It appears to have been undisputed that the failure of the gin to operate properly was due to the fact that a 20-inch pulley was put where a 24-inch pulley ought to have been put, and the 24-inch pulley was fitted on where the 20-inch pulley should have been placed, for one of the witnesses transferred these pulleys, exchanging their positions; and after the change there was no recurrence of the difficulty as to the seed flue. It is perhaps upon the strength of the fact that the testimony upon this point was uncontradicted that the court adjudged that there was no issue to be submitted to the jury; for this undisputed testimony indicates that the machinery was perhaps of good quality and reasonably suited for its purpose; and thus it might superficially appear that the defendant had failed to carry the burden assumed by him, of establishing a partial breach of the contract of purchase. Having admitted a prima facie case it devolved upon the defendant, in order to warrant a verdict in his favor, or in order to obtain a reduction below the amount mentioned in the note, to establish that there had been a breach of the contract in some respect, and that this breach had resulted in subjecting him to pecuniary loss.

At first sight it would seem that, since the defendant was to

have the machinery put up, and since the defective operation of the machinery which subjected the defendant to loss was due to the misplacement of two pulleys, and might have been avoided if, in putting up the machinery, these two pulleys had been properly placed, the defendant was the author of his own wrong, and that no matter what might have been his loss of patronage, or his expense for broken belting, he would not be permitted to recoup either. It appears, however, that the very first stipulation in the contract under which the defendant purchased this gin is an agreement on the part of F. H. Lummus Sons Company (now Lummus Cotton-Gin Company) to furnish a competent man to superintend the erection of the gin machinery which was being purchased. The contract must be construed as a whole. The agreement of the purchaser is to properly put up and operate the machinery according to the printed directions furnished by the manufacturers. When this is construed with the undertaking of the seller to furnish a competent man to superintend the erection of the machinery, it is very evident that a proper construction of the contract compels the conclusion that the purchaser was to do nothing more than to furnish the necessary laborers to erect the machinery under the direction, control and superintendence of a man (competent to erect such machinery) who was to be furnished by the seller. In fact, construing the undertaking of the seller as to the erection of the gin outfit, in connection with the undertaking of the buyer in this case, the language of the contract as to the erection of the gin can not be given other force than this, so far as it relates to the purchaser; and it is apparent that this stipulation and the agreement of the purchaser more especially relate to the operation of the machinery, so far as he is concerned, than to its erection.

It is not disputed that the defendant gave notice of the gin's failure to operate properly, and that in response to his notice a man was sent to correct the defect. It was for the jury to say whether the man sent was competent to deal with the situation, for he failed to discover the misplacement of the pulleys, and the jury might be authorized to find that neither he nor the other agent, who was sent to superintend the original erection of the ginning outfit, was competent. Under the contract it is a jury question whether F. H. Lummus Sons Company complied with its undertaking to furnish a competent man to superintend the erection of the ma-

38

chinery, as it agreed to do, and whether, if the defendant suffered from the defective operation of the machinery, it was his fault, or whether it was due to the failure to supply him with a· proper superintendent. It does not appear from the record that the defendant did not erect the ginning outfit, so far as it was his duty to aid in its erection, in accordance with the blue prints, because there are no blue prints in the record. Two facts are undisputed: that the gin did not operate properly, and that this was due to the misplacement of the two pulleys. It would certainly be for the jury to say whether, under the contract, the misplacement of these pulleys was the fault of the plaintiff or of the defendant. We do not deal with the other questions presented; for if there were any errors they are not likely to recur upon another trial of this case, which we feel constrained to order.          *Judgment reversed.*