45572.   PALAGANO v. GEORGIAN TERRACE HOTEL COMPANY.

Submitted September 8, 1970—Decided February 23, 1971—
Rehearing denied March 26, 1971.

*Cullen M. Ward, Frank M. Eldridge,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for appellee.

QUILLIAN, Judge. In ruling upon the facts of this case the following principles are applicable: "It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict [citations omitted]. And a verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812). See *McDuffie v. Lummus Cotton-Gin Co.,* 13 Ga. App. 591 (79 SE 493). "In determining this question the evidence must be construed in its light most favorable to the party against whom it was directed." *Curry v. Durden,* 103 Ga. App. 371 (1) (118 SE2d 871).

"The question of a violation of 'the duty to exercise ordinary care to afford [guests] premises that are reasonably safe for use and occupancy,' which is the duty an innkeeper owes his guests, is a question of negligence and this court is bound by the rule that such matters are for the jury except in plain, palpable and indisputable cases. *Code* § 81-304, catchword 'Negligence.' Further, the innkeeper has a duty to inspect and is liable for such injuries caused by defects as would be disclosed by a reasonable inspection." *Hillinghorst v. Heart of Atlanta Motel,* 104 Ga. App. 731, 735 (122 SE2d 751). See *Johnson v. John Deere Plow Co.,* 214 Ga. 645, 647 (106 SE2d 901). In discussing a situation where inspection might be "impracticable, if not impossible," in *Fulton Ice &c. Co. v. Pece,* 29 Ga. App. 507, 517 (116 SE 57), this court held: "If ordinary care requires an inspection, it requires that inspection even if it may be difficult. The difficulty of the inspection does not

determine the degree of care, but the degree of care may determine the extent of the inspection. In other words, to say that one should make an inspection, however difficult it may be, does not impose a higher degree of care than ordinary care, provided that to the extent of such care the inspection was required. If ordinary diligence demands an inspection, then the difficulty of making that inspection, however great, will not enlarge the degree of diligence which the law requires." Moreover, "Where the owner of the building is shown to have made inspection of the building for the purpose of discovering defects therein, he is chargeable with notice of any defects which should have been discovered by the exercise of ordinary care and diligence." *Home Owners Loan Corp. v. Brazzeal,* 62 Ga. App. 683 (6) (9 SE2d 773). See *Indian Springs Swimming Pool Corp. v. Maddox,* 70 Ga. App. 842, 845 (29 SE2d 724); *Hotel Richmond v. Wilkinson,* 73 Ga. App. 36 (35 SE2d 536); *Rothberg v. Bradley,* 85 Ga. App. 477 (69 SE2d 293).

Here, although there was evidence that the rooms and beds were inspected, still it was the province of the jury to determine whether such inspections were sufficient to fulfill the defendant's duty owed to the plaintiff.

It is contended that there is no evidence to show that the bed was defective, citing *Quick Shops v. Oldham,* 100 Ga. App. 551, 556 (111 SE2d 920); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 799 (165 SE2d 587).

There was testimony which has been quoted in the statement of fact regarding nails in the bedrail which were not driven flush and protruded out; that only about 1/2 inch of the pointed end of the nail extended out. An employee of the defendant who did the repair work on the beds stated that he used glue and screws and clamps to repair bedrails; and when asked if screws hold strips to the bedrail better than nails, he answered, "Yes, I would say it would hold it longer."

This was evidence from which a jury might find that the bed was defective and that such defect could or should have been discovered by a reasonable inspection.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*