### 56479. GARY HOTEL COURTS, INC. v. PERRY.

MCMURRAY, Judge.
This is a personal injury case. The injury occurred when plaintiff Perry, while a motel guest sat in a wooden frame lounge chair ("easy chair") located in a motel room where he and his family were paying guests. Plaintiff testified that the chair appeared to be in good condition with nothing wrong with it, but when he sat in the chair the cushion fell through, causing him to sit on the floor. The cushion fell through the wooden frame because the webbing which normally would have been under the seat cushion supporting the seat cushion was, for some unknown reason, missing in its entirety in this particular chair.

The defendant (owner of the motel) contends it had no actual knowledge of the lack of the webbing, and the evidence did not disclose how long the webbing in the seat frame of the chair had been missing, nor was there any

evidence as to the cause of its absence. It also contends that there was no evidence that it either inspected the chair in question prior to the injury, or had any reason to inspect the particular chair in question. However, the evidence disclosed that the defendant's employees cleaned and inspected the rooms daily although defendant had never in the past received any complaints about this particular chair involved or any incident similar to the one in which plaintiff contends he was injured.

At the close of all of the evidence defendant moved for a directed verdict in its favor and against all claims of the plaintiff, contending plaintiff had failed to prove a violation of any duty owed by the defendant to the plaintiff; failed to prove any act of negligence on the part of the defendant which in any way caused or contributed to his injuries; and failed to prove a right of recovery against the defendant as a matter of law. Defendant's motion was denied. A verdict was rendered for the plaintiff, and judgment entered. Defendant's timely motion for judgment notwithstanding the verdict was denied, and defendant appeals. *Held:*

1. An innkeeper owes to his patrons the duty to exercise ordinary care to afford them premises that are reasonably safe for use and occupancy. *Holloman v. Henry Grady Hotel Co.,* 42 Ga. App. 347, 348 (156 SE 275); *Hotel Richmond, Inc. v. Wilkinson,* 73 Ga. App. 36 (35 SE2d 536). Plaintiff presented evidence that he was injured when he sat in defendant's chair in defendant's motel room and the seat cushion fell through the bottom to the floor which was the proximate cause of his back injury. This evidence thus presented a question of fact for jury determination as to whether the defendant innkeeper had breached its duty of ordinary care and diligence in furnishing the plaintiff a reasonably safe room. "The question of a violation of 'the duty to exercise ordinary care to afford [guests] premises that are reasonably safe for use and occupancy,' which is the duty an innkeeper owes his guests, is a question of negligence and . . . such matters are for the jury except in plain, palpable and indisputable cases." *Hillinghorst v. Heart of Atlanta Motel, Inc.,* 104 Ga. App. 731, 735 (122 SE2d 751). The above decision was cited by the trial court

in its order denying the motion and also the case of *Palagano v. Georgian Terrace Hotel Co.,* 123 Ga. App. 502 (181 SE2d 512), wherein injury was sustained from the collapse of a bed in the defendant's hotel. The trial court in the case sub judice states that in that case (*Palagano,* supra), "There was some evidence from which a jury might find that the bed was defective and that such defect could or should have been discovered by a reasonable inspection," and a jury question was presented. The trial court further states: "In the case sub judice, it is undisputed that webbing was missing from the chair bottom, causing the plaintiff to fall and sustain the injury ... [and] ... [t]he absence of the webbing could have been discovered by looking under the chair. It was rightfully the province of the jury to determine whether the defendant breached its duty of ordinary care to the plaintiff; that is, whether the defect complained of could or should have been discovered by a reasonable inspection." At p. 506 of the *Palagano* case this court stated that if the owner of the building is shown to have made an inspection "for the purpose of discovering defects therein, he is chargeable with notice of any defects which should have been discovered by the exercise of ordinary care and diligence." See the cases cited therein. Here there was evidence that defendant's employees cleaned and inspected the rooms daily. This evidence would have authorized the jury to have determined that the defendant was chargeable with notice of any defects which should have been discovered by the exercise of ordinary care and diligence.

2. The recent case of *Gresham v. Stouffer Corp.,* 144 Ga. App. 553 (241 SE2d 451), holds as follows: "It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that 'the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage,' and 'the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.' *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 109 (43 SE 443)." That case is similar on its facts in that plaintiff as a guest in a

restaurant of the defendant was seated in a chair which collapsed and he sought to recover for the resulting personal injuries and other related damages. The Court of Appeals in *Gresham v. Stouffer Corp.*, supra, held (Judge Banke as author and Judges Shulman and Birdsong concurring), at p. 554: "It is clear from the record that the defendant owned and operated the restaurant. It is also clear that the chair was furnished by the restaurant to the plaintiff for his use as a business invitee. Under these circumstances, a jury would be authorized to conclude that the chair was in the full control of the defendant and that the defendant was responsible for its maintenance ... [and] ... would be authorized to infer negligence from the evidence that the chair collapsed during ordinary use by the plaintiff."

The trial court did not err in denying the motion for directed verdict or the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 7, 1978 —

*N. Forrest Montet, David M. Leonard,* for appellant.
*Lewis, Bynum & Kell, Thomas J. Lewis, Jr., Jack T. Perry,* for appellee.