A90A1944, A90A1945. CHENEY v. FULTON-DeKALB HOSPITAL AUTHORITY; and vice versa.

(402 SE2d 294)

BIRDSONG, Presiding Judge.

Debra Cheney appeals the grant of summary judgment to the Fulton-DeKalb Hospital Authority (Authority) in this personal injury suit filed after an escape down a stairwell during a purported fire left her with a broken bone in her foot. The Authority cross-appeals on grounds that, in awarding summary judgment to it, the trial court erred in considering a plaintiff's affidavit filed after the summary judgment hearing to combat issues raised by the Authority at the summary judgment hearing.

The plaintiff was attending a nursing seminar at Grady Hospital in May of 1987, and was staying on the third floor of a nursing student dormitory adjacent to the hospital. In the night, a fire alarm awakened residents to the presence of smoke. Plaintiff and several other residents quickly left their rooms and went down a nearby stairway exit. The plaintiff's testimony, consistent in her deposition and affidavits, was that the stairwell was dimly lit on the third-floor landing where she entered the stairwell, and got darker as she and the others descended the stairs. By the time they reached the bottom floor landing, there was no light at all, except moonlight or streetlight shining in the first-floor door. Evidence in the case shows it was discovered the next day that there were a total of eight independently operating light bulbs on the three floors of stair landings which were out or were not working. As she reached the first floor landing, the plaintiff "landed on [her] left foot hard, unexpectedly, and [she] couldn't understand what had happened because . . . [she] couldn't see when [she] looked down to look at [her] foot."

The only light she remembered was one dim bulb on the third floor landing, and after that, when she looked down the stairwell, she could see nothing. She consistently maintained that when she stepped off one step onto the landing, she "couldn't understand it at the time. I must have skipped a stair to have landed so hard. I still don't know exactly what happened, but that's what I figure." She did not know if she tripped or what had happened; "it caught me by surprise because I didn't have any trouble with my footing at all. And when I landed, you know, on my left foot, it popped. I landed very hard. . . ." She surmised that "there must have been another step before the landing that I skipped. . . ." She repeated: "I remember that dimly lit light on the third landing. As I proceeded down the stairs it got darker. I don't even remember that door that . . . entered into the lobby, and I guess I was using the side rail . . . to follow down the stairwell." She did not fall, but landed very hard on her left foot. There was evidence that plaintiff was not the only person who injured a foot while going

down the stairwell that night. *Held*:

1. The Hospital Authority contended below at the hearing on motion for summary judgment, and contends here, that the plaintiff's testimony in her deposition and affidavit is "inconsistent" and ought to be construed unfavorably to her, pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). However, the Authority is in error on this point. There is nothing contradictory about the plaintiff's consistent statements that she did not know exactly how the injury occurred except to surmise that in the darkness she had skipped a step before landing hard on her left foot. The plaintiff's testimony should not be taken out of context or twisted. She consistently maintained that the reason she did not know exactly what had happened was *"because it was dark."* (Emphasis supplied.) If she missed a step because it was dark, it stands to reason that she would not have known about the step because it was dark, and therefore cannot now say for a certainty that she missed a step she did not see. It would be inconsistent or doubtful testimony if, on the other hand, she testified that she missed a step because it was too dark to see, and then looked down and saw it. There was nothing inconsistent or contradictory about what she did testify, which was that *because it was dark* she did not see the bottom step and she did not know it was there, and *for the same reason* she cannot say to this day for a certainty that she missed the bottom step. The facts and evidence are such that the jury, based on its own experience and knowledge of ambulatory affairs, may make an inference as to *how* or *why* she landed so hard on her left foot in the darkness that she broke a bone in it.

There being no inconsistency in plaintiff's statements, the trial court's consideration of her "explanatory" affidavit, which she filed after the hearing to combat this argument raised by defendant for the first time at the hearing on motion for summary judgment, if it was error, was harmless. As to consideration of late affidavits, see *Howell Mill/Collier Assoc. v. Gonzales*, 186 Ga. App. 909 (368 SE2d 831); compare *Brown v. Williams*, 259 Ga. 6 (4) (375 SE2d 835).

2. The evidence that eight independently operating light bulbs were found to be "out" shortly after the incident, is sufficient to raise a jury question as to whether the Authority was negligent in failing to make proper inspections. It might be considered unlikely that eight light bulbs would extinguish simultaneously, and that they had therefore extinguished themselves over a period of time sufficient for the Authority maintenance personnel to discover upon reasonable inspection. See *Paul v. Sharpe*, 181 Ga. App. 443 (352 SE2d 626); *Palagano v. Georgian Terrace Hotel Co.*, 123 Ga. App. 502 (181 SE2d 512). The stairwell was dark; according to the plaintiff's evidence, eight bulbs were out. This could have been a "static" condition, in the jury's estimation upon hearing all the evidence. The jury could determine the

injury was not caused from the plaintiff's lack of due care in the fire emergency, since more than one person injured a foot going down the stairwell that night. This is evidence which should be given to the jury; particularly where there is doubt, or in a close case, it is less likely that the issues can be decided as a matter of law. The trial court erred in awarding summary judgment to the Authority in this case.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991 —
REHEARING DENIED FEBRUARY 19, 1991.

*Daniel B. Simon III*, for appellant.
*Alston & Bird, Bernard Taylor, Judson Graves, Karen L. Abrahams*, for appellee.