## A91A0042. ROTH v. WU.
### (405 SE2d 741)

SOGNIER, Chief Judge.

Aaron Roth brought suit by his next friend, his mother, against Dr. James C. Wu and Debbie Sanders to recover damages for injuries suffered when he was struck by an automobile driven by Sanders in a driveway located on the premises of the apartment complex owned by Wu in which the Roths resided. The trial court granted Wu's motion for summary judgment, and Roth appeals.

The record reveals that appellant, who was seven years old at the time of the accident, left the family apartment to go to the vending machine in the laundry room across the driveway, and was crossing the drive when he was struck. He was thrown into the air by the impact and his leg was fractured. The complaint alleged that appellee was negligent in failing to erect speed limit signs or warnings that children often played in the driveway; improperly and insufficiently placing speed breakers on the driveway; failing to mark crosswalks; and maintaining confusing painted directional arrows on the driveway.

1. Appellant contends the rule of law set forth in *Golf Club Co. v. Rothstein,* 97 Ga. App. 128 (102 SE2d 654) (1958) was tacitly overruled in *Flagler Co. v. Savage,* 258 Ga. 335 (368 SE2d 504) (1988) and *Thompson v. Crownover,* 259 Ga. 126 (377 SE2d 660) (1989), and consequently the trial court erred by relying on *Golf Club Co.* as authority for its decision that appellee could not be held liable. In *Golf Club Co.,* the parents of a two year old child brought suit against the landlord of their apartment building for injuries their child incurred when he fell into a ravine at the edge of the back yard while playing. This court held in that case that "[i]f lack of fencing, or lack of a guard to direct the children's play, should constitute a defect in the premises, it was one which must have been apparent at the time the rental agreement was entered into. The [child's] father had equal means with the [landlord] of looking at the back yard and ascertaining that no fence, guardrails or supervised play area existed, and, having accepted the premises and entered thereon, could not thereafter claim that the [landlord] was negligent in failing to provide him with these things." Id. at 131.

We note initially that *Flagler Co.,* supra, involved a hidden rather than a patent defect, and thus has no application here. *Thompson,* supra, involved injuries caused by a dangerously defective space heater, about which the tenant had complained repeatedly,

which the landlord had promised to repair, and which had been inspected and cited as being in violation of the applicable housing code. The Supreme Court held that in those circumstances, despite the tenant's knowledge of the danger posed by the defective heater, the landlord was liable for her injuries. Relying on the public policy of this state, as expressed in our statutes, as well as the Restatement of Law 2d, Property, § 17.6, the Supreme Court reaffirmed the long established principle that a landlord has a duty to keep premises in repair. See, e.g., OCGA §§ 44-7-13; -14; see also OCGA § 44-7-2 (b) (1), (2). Implicit in the Supreme Court's holding is the principle that where defects render premises unsafe or uninhabitable, a landlord may not avoid duties created by those statutes or by housing codes even though the defect is patent. See *Thompson*, supra at 130 (Hunt, J., concurring specially).

The general rule, however, is "that a landowner is not liable for injuries to an invitee arising from a patent defect on the premises preexisting the arrival of the invitee and of which the invitee knew or had the means of knowing equal to the landowner. . . . The true ground of liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. [Cit.]" *First Pacific Mgt. Corp. v. O'Brien*, 184 Ga. App. 277, 280 (361 SE2d 261) (1987). While landlords may not hide behind this general principle to avoid duties mandated by statutes or housing codes, see *Thompson*, supra, neither may tenants seize upon this principle to hold landlords liable for all that occurs on their property. "[N]othing in *Thompson* imposed an absolute liability upon landlords, nor do we believe the Supreme Court intended to do so." *Hall v. Thompson*, 193 Ga. App. 574, 575 (1) (388 SE2d 381) (1989).

In the case sub judice, as distinguished from the situation in *Thompson*, there is no evidence that the premises were uninhabitable; that they were in violation of any housing code; or that requests had been made to "repair" the alleged defects. The "defects" alleged here are far more analogous to those alleged in *Golf Club Co.*, supra. They did not constitute a breach by the landlord of any duty imposed by law, and were such that they could have been avoided by the tenants with ordinary care. Accordingly, the trial court did not err by ruling that summary judgment in favor of appellee under the authority of *Golf Club Co.* was proper.

2. Appellant has failed to support his second enumeration of error with argument or citation of authority, and it is consequently deemed abandoned under Rule 15 (c) (2) of this court.

3. In his affidavit in support of the motion for summary judgment, appellee deposed that all the conditions of the exterior prem

ises at the complex alleged by appellant to be defective "have been open and obvious to all tenants and visitors at the [subject apartment complex] at all times since [the inception of appellant's tenancy], as well as before that date." This statement was not disputed. In fact, appellant's mother admitted in her deposition that she knew about the conditions she felt were dangerous, and had "felt for a long time that someone was going to get hit by a car." Accordingly, we find no merit in appellant's contention that the trial court erred by finding that the defects alleged were patent.

4. After carefully examining the record, we do not agree with appellant's contention that material questions remain for jury consideration. As it is clear that appellant's mother was aware of the alleged defects, here, as in *Hall*, supra, the case was "clearly subject to summary adjudication," id., and was decided properly by the trial court.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 7, 1991.

*Donna M. Hardaman, Michael P. Katz*, for appellant.
*Swift, Currie, McGhee & Hiers, Lloyd B. Hedrick, Jr., Eric D. Miller, Harper, Waldon & Craig, J. Blair Craig II*, for appellee.