A93A0700. BASTIEN v. METROPOLITAN PARK LAKE ASSOCIATES, L.P. et al.
(434 SE2d 736)

SMITH, Judge.

Bertha Bastien brought this tort action to recover for injuries allegedly received when she fell while negotiating stairs leading to the apartment she rented from appellee-defendant Metropolitan Park Associates, L.P., a limited partnership in which defendant Metropolitan Asset Sports, Inc. is the sole general partner (collectively, Metropoli-

tan). After discovery, Metropolitan moved for summary judgment. This motion was granted by the trial court and Bastien appeals.

It is undisputed that the stairway leading from the parking lot to Bastien's apartment had no handrail, and the parties have stipulated that the absence of that handrail was in violation of an applicable building code. It is further undisputed that no handrail existed on that stairway when Bastien moved in. The trial court concluded that Bastien's knowledge of the defect was equal to that of Metropolitan and that she therefore would be unable to establish the requisite superior knowledge of the landlord.

Bastien correctly asserts that although the defect was obvious when she took possession of the apartment, that is not necessarily a bar to recovery when the defect is in violation of a duty created by applicable statute or administrative regulation. OCGA § 44-7-2 (b) (3). In *Thompson v. Crownover*, 259 Ga. 126, 129 (3) (381 SE2d 283) (1989) the Supreme Court applied the following rule from The Restatement of Law (Second), Property, § 17.6: "A landlord is subject to liability for physical harm caused . . . by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of . . . an implied warranty of habitability . . . or a duty created by statute or administrative regulation." "The landlord, the owner of the [underlying] estate, cannot avoid duties created by housing codes." *Thompson v. Crownover*, supra. This principle applies with equal force to a landlord's violation of a duty created by a building code or other regulatory provision affecting safety of the premises. The authorities relied upon by Metropolitan, such as *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176 (424 SE2d 855) (1992) and *Hall v. Thompson*, 193 Ga. App. 574 (1) (388 SE2d 381) (1989), do not purport to apply to an admitted breach of duty imposed by an applicable housing code, building code, or other regulation, and so do not compel a different result here. The trial court erred in granting Metropolitan's motion for summary judgment.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 12, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

*Flynn, Gottlieb & Kachmarsky, Edward D. Flynn III*, for appellant.

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr.*, for appellees.