A94A0137. PATTERSON et al. v. FIRST ASSEMBLY OF GOD
OF TIFTON.
(440 SE2d 492)

BIRDSONG, Presiding Judge.

Kathy S. Patterson and Carl A. Patterson appeal the grant of summary judgment to First Assembly of God of Tifton in their suit for damages arising from Mrs. Patterson's fall on a ramp on church school premises. The ramp was made of slightly graduated wooden stairs. Mrs. Patterson had taken her daughter up the ramp to the "Ark" for school, and was descending the ramp when her right foot slipped on the wet wood, causing her to break her left foot in several places.

Appellants contend Mrs. Patterson had no actual or constructive knowledge of the specific defective condition of the ramp because she had never descended it when the ramp was wet. They also contend the uncontroverted evidence showed appellee violated numerous building code safety regulations thereby creating a dangerous condition. Their expert's affidavit states that in January 1991, eleven months after Mrs. Patterson's fall, the expert studied the ramp. He

found it was defective and unreasonably dangerous and did not comply with the standard business code; it had improper step geometry, non-uniform risers, sloping treads, handrails too low, guardrail openings too large and lack of maintenance, and fungus on the wood; the fact that Mrs. Patterson slipped when the ramp was wet led him to conclude that the ramp was slippery because of the fungus and the lack of slip-resistant treads. *Held*:

On motion for summary judgment, the evidence is adjudged in favor of the respondents and all doubts are resolved in their favor (*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), but a respondent's self-contradictory testimony, if not reasonably explained, is construed against her. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680).

Patterson had safely walked up the wet stairway to take her daughter into the Ark. Appellee's employee Rev. Stokes testified that after all she fell, Patterson said, "Well, it's not your fault . . . it was just raining and I was in a hurry and slipped and fell." She testified in deposition that she was not in a hurry. However, she also testified she had to be at work at 8:00 a.m. and that she arrived at work as the bell chimes almost every morning, but that there was no set time to arrive "if you get there . . . five or ten minutes after [8:00], I'd say 15 minutes leeway"; her practice was to arrive at 8:00. She allowed ten minutes to drive from the school to work. This day she arrived at the school at "probably about ten till 8:00." Although she deposed she was not on a "tight schedule," it is clear that if she arrived at the school at ten till 8:00, she would not have time to get out of her car, go up the ramp and deposit her daughter, descend the ramp, get into her car and drive to her place of work, get out of her car, and arrive at work as the bell chimed at 8:00. She could not arrive five or ten minutes late without hurrying. If she arrived 15 minutes after 8:00 she would be quite late. Construing this evidence under *Prophecy Corp.*, supra, she was on a "tight schedule" as she descended the ramp.

Mrs. Patterson had traversed the ramp out of the Ark about ten times, and in the past her foot "had slid on the boards on the steps. Before I had noticed on an occasion going down those steps that when your foot lands between the 2-by-4s . . . if your foot steps in a certain spot, [because of] the unevenness of the two boards . . . your foot straddles that. It will slide from one to the other. [This had happened] on at least one occasion, *I remember thinking at that time*." (Emphasis supplied.) She knew where the handrail was, and "there's [nothing] to obstruct your vision as such. The stairs themselves are in very bad repair. . . . You have to be aware of it. It's not easy to walk up and down. They're not . . . uniform. . . . It takes a lot of care in coming down them." She testified there was nothing she later found out about the condition of the ramp that she did not know before she

fell.

Moreover, the evidence shows without issue that, while others had traversed this ramp despite any dangerous condition it presented, no other persons had fallen or made a complaint. Compare *Cheney v. Fulton-DeKalb Hosp. Auth.*, 198 Ga. App. 620 (402 SE2d 294). Everyone knows that any wet surface may be slippery. Mrs. Patterson had slipped on the ramp when it was dry. She had knowledge of its danger equal and perhaps superior to appellee's, and she fell either because she was hurrying or because she chose to negotiate the ramp despite danger which was obvious to her.

The mere fact that a dangerous condition exists, whether caused by a building code violation or otherwise, does not impose liability on the proprietor. For a plaintiff to recover for injury from a fall, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. *White v. Fred F. French Mgmt. Co.*, 177 Ga. App. 661 (340 SE2d 276). The basis of the proprietor's liability is his superior knowledge; if his invitee knows of the hazard, there is no duty to warn her, and no liability for injury because the invitee has as much knowledge as the proprietor and by voluntarily acting despite her knowledge, she assumes risks and dangers incident to the known condition. Id.; *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237). The evidence shows undisputedly that Mrs. Patterson was aware that a hazard existed; if the hazard was such that it could not safely be traversed, she should have exercised ordinary care to avoid it.

It is when the perilous instrumentality is *known to the owner* and *not known to the person injured* that a recovery is permitted. *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816, 817 (318 SE2d 239). Even where a proprietor acts negligently, to recover for a slip and fall resulting from a foreign substance, "such as water on a ramp" (*Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 243 (322 SE2d 548)), not only must the plaintiff show the defendant had knowledge of the foreign substance, but the plaintiff must show she was without knowledge of it. She must exercise ordinary care for her own safety to avoid the effect of the proprietor's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it. She must make use of all her senses "in a reasonable measure amounting to ordinary care in discovering *and avoiding* those things that might cause hurt" to her. (Emphasis supplied.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Where the proprietor's negligence creates a "particular hazard" greater than that normally caused by rain water, the plaintiff's equal or superior knowledge of the hazard will prevent recovery. See *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452 (411 SE2d 348). Mrs. Patterson's deposition leaves no doubt that she had previously fallen on the ramp and knew it to be

hazardous in a dry state; her knowledge that the hazard would increase when the ramp was wet was plainly, palpably, and indisputably equal to that of the appellee. Id. at 452.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 25, 1994.

*Saliba, Edwards & Moore, William E. Moore, Jr.,* for appellants.
*John T. Croley, Jr.,* for appellee.