214 Ga. App. 545 (1994)
ROWLAND
v.
COLQUITT et al.
A94A0685.
Court of Appeals of Georgia.
Decided July 29, 1994.
Reconsideration Denied September 2, 1994.
L. Chandler Vreeland, Jason R. Hasty, Gregg Loomis, for appellant.
Barksdale & Mobley, Steven J. Misner, Sharon Ware & Associates, Julie A. Taylor, Donald W. Osborne, S. Lee Storesund, for appellees.
BEASLEY, Presiding Judge.
While a guest at a party given by Rogers, his friend Rowland sustained severe neck injuries after diving from a diving board into a swimming pool which was only four feet deep. Rowland filed the present complaint against Rogers, his stepfather Colquitt, and the pool manufacturer. Rowland appeals the trial court's grant of Colquitt's motion for summary judgment.
Rowland alleged in her complaint as originally filed that the pool is located on the premises of a residence owned by Colquitt and leased by him to Rogers. Rogers and Colquitt testified that Rogers leased the residence from Colquitt pursuant to an oral agreement; that Colquitt had relinquished all responsibility for inspection, maintenance, and repair to Rogers; and that Rogers made rental payments to Colquitt in the amount of $500 per month by check. Certified bank records did not show any $500 checks to Colquitt. Rowland amended her complaint to delete the allegation that Rogers leased the property from Colquitt.
It is nonetheless undisputed that Rogers lived on the property with Colquitt's permission; that Colquitt did not live there; and that the pool was purchased, installed, and maintained by Rogers after he moved onto the property. Colquitt admitted that he knew that Rogers was installing the pool, that it was only four feet deep, and that a diving board had been attached to it.
According to Rowland, the pool was located above ground, but she was not aware that it was only four feet deep because its shallow depth was obscured by a deck and fence surrounding it; moreover, it was poorly lit and no warning signs were posted. Rowland's testimony was to the effect that the party given by Rogers was filled with revelry. According to her, others at the party were having sexual relations in the pool, and Rogers was trying to persuade her to do the same. She admitted that she had consumed two large mixed drinks, two beers, and a "line" of cocaine provided by Rogers. However, she refused to participate in an orgy. She testified that upon being badgered and coaxed by Rogers and physically dragged by him to the pool, she agreed to go skinny dipping and dive from the diving board *546 into the pool. She had seen Rogers dive from the board without ill effect. He did not warn her of the dangerous condition. Unaware of it, she proceeded to disrobe and dive into the pool head first with her arms extended in front of her head. She immediately hit the bottom, sustaining the injuries for which she now sues.
In moving for summary judgment, Colquitt argued that he is not liable to Rowland under the statute which controls a landlord's liability to third persons, OCGA § 44-7-14, because the undisputed material facts show that the pool was constructed and maintained by Rogers, and Colquitt had fully parted with possession of the property. He also argued that by diving into the pool in her alcohol-and-drug affected condition, Rowland assumed the risk of injury.
1. Colquitt is not entitled to summary judgment. In this case, as in others, issues of negligence, contributory negligence, and assumption of risk are not susceptible to summary adjudication.
OCGA § 44-7-14 provides, "Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." The landlord's duty to keep premises in repair can result in making him liable for a defect in the premises of which he has notice or actual knowledge. See Hearn v. Barden, 115 Ga. App. 708, 709 (155 SE2d 649) (1967); Howell Gas of Athens v. Coile, 112 Ga. App. 732, 735 (1a) (146 SE2d 145) (1965). Where defects render premises unsafe, the landlord may not avoid these statutory duties. Roth v. Wu, 199 Ga. App. 665, 666 (1) (405 SE2d 741) (1991). Under OCGA § 44-7-13, the landlord "shall be liable for all substantial improvements placed upon the premises by his consent."
Therefore, even though the pool was constructed and maintained by the tenant, the landlord is statutorily liable for damages arising from defective construction if he has consented to it and has notice or actual knowledge of the dangerous condition which has been created. The landlord is likewise liable for the tenant's maintenance of a nuisance, if done with the landlord's license or permission. It is undisputed that Rogers built the shallow pool and attached a diving board to it with Colquitt's knowledge and permission.
Rowland argues that an issue of fact exists as to whether a landlord-tenant relationship existed between Colquitt and Rogers, and thus whether Colquitt parted with possession of the property or the right of possession, because Colquitt has introduced false deposition testimony that Rogers paid rent to him. However, when the owner of lands grants to another person simply the right to possess and enjoy the use of lands and the other person accepts the grant, the relation *547 of landlord and tenant exists between them. Thompson v. Crownover, 259 Ga. 126, 127 (1) (381 SE2d 283) (1989). Payment of rent is not an essential element of a landlord-tenant relationship. See Black's Law Dictionary, p. 1635 (Rev. 4th ed., 1968).
Nonetheless, it could be argued that when rent is not paid, the relationship between the parties is more in the nature of that of a host and guest, and the owner of the property is not bound by the statutory duties of a landlord. This would actually make the plaintiff's burden greater, and Colquitt has not even advanced that argument.
If a landlord-tenant relationship did not exist between Colquitt and Rogers, then as the owner of the property Colquitt would incur liability for breach of duty to Rowland as a licensee or social guest only for wilfully and wantonly causing her injury. OCGA § 51-3-2 (b). See, e.g., Moon v. Homeowners' Assn. of Sibley Forest, 202 Ga. App. 821, 822 (2) (415 SE2d 654) (1992). Thus, as to a licensee, a duty arises to keep the property free of "pitfalls, man-traps, and things of that character." Mandeville Mills v. Dale, 2 Ga. App. 607, 610 (1) (58 SE 1060) (1907), quoted recently in Francis v. Haygood Contracting, 199 Ga. App. 74, 75 (1) (404 SE2d 136) (1991), and Moon v. Homeowners' Assn., supra. An owner owes a licensee a duty not to "`knowingly let him run upon a hidden peril or wilfully cause him harm.'" Atlantic Coast Line R. Co. v. O'Neal, 180 Ga. 153, 156 (178 SE 451) (1935).
The definition of the owner's duty is as follows: "`A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved. . . .'" London Iron &c. Co. v. Abney, 245 Ga. 759, 761 (2) (267 SE2d 214) (1980). The rule imposing liability for harm to licensees "presupposes that the licensees do not know or have reason to know of the risks involved. [Cits.]" Wren v. Harrison, 165 Ga. App. 847, 849 (303 SE2d 67) (1983).
A jury could find that a diving board above a four-foot deep pool, with no warning of depth, is a hidden peril of which a licensee would not have knowledge or reason to know of the risks involved in using it in an ordinary way. Where a diving board has been attached to a swimming pool of obscured shallow depth, such improvement can be found to have been constructed in a defective manner and to constitute an unsafe and dangerous condition.
2. Under the facts and circumstances of this case as thus far developed in the record, it cannot be held that, as a matter of law, *548 plaintiff assumed the risk that the pool into which she dove was too shallow for her dive. Whether Rowland exercised ordinary care is a jury question. Ruling otherwise means that diving from a diving board without independently determining water depth but relying instead on the presence of the board, seeing someone else dive safely from it, and judging depth from the posture of others in the pool, constitutes assumption of risk as a matter of law.
The dissent holds this to be a situation for application of the principle that "[a] person cannot undertake to do what is obviously a dangerous thing and at the same time avoid the responsibility for the self-assumed risk." First Pacific Mgmt. Corp. v. O'Brien, 184 Ga. App. 277, 281 (361 SE2d 261) (1987). A jury should decide.
"`"Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk. `The result is that the defendant is simply under no legal duty to protect the plaintiff. A second, and closely related meaning, is that the plaintiff, with knowledge of the risk has entered voluntarily into some relation with the defendant which necessarily involves it, and so is regarded as tacitly or impliedly agreeing to take his own chances.' [Cit.] `[T]he courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it....'"' [Cits.]" Lundy v. Stuhr, 185 Ga. App. 72, 75 (363 SE2d 343) (1987).
This case differs from Plantation at Lenox Unit Owners' Assn. v. Lee, 196 Ga. App. 420, 421 (2) (395 SE2d 817) (1990), in that a jury could determine that plaintiff exercised reasonable care in relying on the presence of a diving board, and on having seen her host dive with no ill effect, as indication that the pool was deep enough for a dive. In Plantation, the plaintiff dove from the side of the pool with no indication of adequate depth.
Using alcohol and drugs and diving into a pool after ingesting such substances may be relevant to whether plaintiff assumed the risk of sustaining injury. There is conflicting evidence of whether the shallow depth of the above-ground pool was known to her. We cannot hold as a matter of law that if plaintiff had been abstinent, the shallow depth of the pool would have been a peril obvious to her or she would not otherwise have been injured. Compare Weatherby v. Honda Motor Co., Ltd., 195 Ga. App. 169 (393 SE2d 64) (1990).
Judgment reversed. Pope, C. J., McMurray, P. J., Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Birdsong, P. J., Andrews and Johnson, JJ., dissent.
ANDREWS, Judge, dissenting.
Colquitt was entitled to summary judgment because, as a matter *549 of law, Rowland failed to exercise ordinary care for her own safety when she voluntarily dove into the pool without ascertaining the depth of the water.
If Colquitt was Rogers' landlord, then Rowland, as Rogers' social guest on the premises, was an invitee as to Colquitt and Colquitt owed Rowland a duty to exercise ordinary care to insure that the pool, which was constructed on the premises with Colquitt's knowledge and consent, was reasonably safe. Moon v. Homeowners' Assn. of Sibley Forest, 202 Ga. App. 821, 822 (415 SE2d 654) (1992); OCGA § 44-7-13. If there was no landlord-tenant relationship between Colquitt and Rogers, then as to Colquitt, Rowland occupied the status of a social guest-licensee on the premises and Colquitt owed Rowland a duty not to wilfully or wantonly cause her injury. Sims v. Willoughby, 179 Ga. App. 2, 3 (345 SE2d 626) (1986). Regardless of whether Rowland occupied the status of invitee or licensee, in either case, the basis for imposing liability on Colquitt is the rule that a proprietor's liability must be premised on his superior knowledge of a dangerous condition or hazard that was the proximate cause of the invitee's or licensee's injury.[1] See Bunch v. Stanton, 174 Ga. App. 233, 235 (329 SE2d 538) (1985), rev'd on other grounds, Moon, supra at 824; Coates v. Mulji Motor Inn, 178 Ga. App. 208, 210 (342 SE2d 488) (1986).
In premises liability cases where liability is predicated on the proprietor's superior knowledge, "if [the proprietor's invitee or licensee] knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee [or licensee] and there is no liability for resulting injury because the invitee [or licensee] has as much knowledge as the proprietor does." (Citations and punctuation omitted.) Froman v. Smith, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). The rule that a plaintiff with equal knowledge of a dangerous condition or hazard on the premises cannot recover is the practical application of the rule that a plaintiff cannot recover if by ordinary care he could have avoided the consequences of the defendant's negligence. OCGA § 51-11-7; O'Steen v. Rheem Mfg. Co., 194 Ga. App. 240, 242 *550 (390 SE2d 248) (1990); Shansab v. Homart Dev. Co., 205 Ga. App. 448, 450 (422 SE2d 305) (1992). The rule in such cases remains that the invitee or licensee must exercise ordinary care for their own safety and must by the same degree of care avoid the effect of the proprietor's negligence when it becomes apparent to them or in the exercise of ordinary care they should have learned of it. Amear v. Hall, 164 Ga. App. 163, 167 (296 SE2d 611) (1982); Alterman Foods v. Ligon, 246 Ga. 620, 623 (272 SE2d 327) (1980). In exercising ordinary care to avoid a dangerous condition or hazard, an invitee or licensee has a duty to make reasonable use of all of their senses to discover and avoid the danger. Alterman Foods, supra.
This case is controlled by our decisions applying the above principles in similar situations in Plantation At Lenox Unit Owners Assn. v. Lee, 196 Ga. App. 420 (395 SE2d 817) (1990) and Shuman v. Mashburn, 137 Ga. App. 231 (223 SE2d 268) (1976). Both cases involved plaintiffs who dove into shallow swimming pools and suffered severe injuries when they struck the bottoms of the pools. In both cases, we determined that the defendant-owners of the pools were not liable for the resulting injuries because the plaintiffs failed to exercise ordinary care for their own safety.
In Lee, supra, we stated: "The issue raised by defendants' motions for summary judgment is whether liability for defendants' negligence, if any, was cut off because the proximate cause of plaintiff's tragic injury was, as a matter of law, plaintiff's own negligent failure to exercise ordinary care for his own safety." Id. at 421. Lee was not familiar with the pool and he testified that the depth of the water was not visible because of poor lighting and that he was not warned of the depth of the pool. Nevertheless, Lee dove into the pool without ascertaining its depth. We found that neither the "failure to light the pool or any other negligent act or omission on the part of defendants contributed to plaintiff's misjudgment or, more accurately, failure to judge the depth of the water before diving." Id. at 422. In concluding, as a matter of law, that any negligence of the defendants was not a proximate cause of the plaintiff's injury, we held that "[t]o rule that a jury issue remains would be to assume that the maintenance of any swimming pool necessarily involves an invitation to dive in blind reliance on the safety of such an act without any duty of the actor to use his or her sight, experience or judgment in ordinary care for his own safety." Id. at 422-423.
In Shuman, supra, the pool at issue was an above-ground pool, as was the pool in the present case. We noted that the plaintiff could not see the water level in the pool by observing it from the side but he could see the height the pool was built from the ground. The plaintiff, who dove into the pool from a roof ledge about four or five feet above the sides of the pool, claimed the proprietor failed to warn him of the *551 shallow depth of the pool. In holding that the proprietor-defendant was entitled to summary judgment, we found that the plaintiff "was under a duty to use his sight to discover any defects or danger" and that in the exercise of ordinary care he knew or should have known of the danger of diving into the pool. Id. at 233.
The Shuman case is similar to the present case in another respect in that the plaintiff there and the plaintiff in the present case were both voluntarily intoxicated when they dove into the pools. We held in Shuman that "`[i]n viewing the conduct of an intoxicated person, for the purpose of determining his negligence or contributory negligence, the state of mind produced by the intoxication may be disregarded; for he will be judged as if the conduct occurred while he was in possession of his normal mental capacity.'... Accordingly, plaintiff cannot avoid his duty to exercise ordinary care for his own safety with the excuse that defendant supplied him with alcoholic libations which he voluntarily imbibed." Id. at 233-234.
In the present case Rowland testified that she was not familiar with the pool prior to the incident at issue and was not aware that it was only four feet deep. Nevertheless, as we similarly observed with respect to the plaintiff in Shuman, supra, Rowland saw the pool when she arrived at the premises, knew it was an above-ground pool, and could observe its dimensions to the extent that she could clearly see a lattice-type structure hanging down from the pool and a deck around the pool. She testified that the incident occurred at night, that the lighting was poor, and that she could not determine the depth of the water. She admitted that she had consumed two large mixed drinks, two beers, and a "line" of cocaine provided by Rogers. Although Rowland testified that Rogers badgered, coaxed and physically dragged her to the pool, at that point, the record is clear that she agreed to go into the pool, disrobed, got onto the diving board, and voluntarily dove into the swimming pool hitting the bottom and sustaining the injuries at issue. She was unable to say how high the diving board was from the surface of the pool because "there wasn't very much light, so I wasn't exactly seeing what was there." Without ascertaining the depth of the water, she dove from the board into the pool, admitting that she "did not know the depth of the pool prior to diving into the pool." Rowland testified that she assumed the water was deep enough because she saw Rogers dive off the board before her and she saw two other people in the pool who appeared to her to be in deep water.
Under these circumstances, even if Colquitt was negligent in allowing a diving board to be placed on the pool, or in failing to light the pool area, or in failing to otherwise warn as to the danger of using the diving board, this negligence was not, as a matter of law, a proximate cause of the injuries suffered by Rowland. The sole proximate cause of the injuries was Rowland's failure to exercise ordinary care *552 for her own safety by determining the depth of the water before she dove into the pool. Lee, supra; Shuman, supra.
The trial court properly granted summary judgment in favor of Colquitt.
I am authorized to state that Presiding Judge Birdsong and Judge Johnson join in this dissent.
NOTES
[1] Although, as the majority notes, a landlord has duties created by statute to keep the premises safe, this does not mean that Colquitt, assuming he was Rogers' landlord, was absolutely liable for any dangerous condition existing on the premises, even if the condition was created with his knowledge and consent. Hall v. Thompson, 193 Ga. App. 574, 575 (388 SE2d 381) (1989); Roth v. Wu, 199 Ga. App. 665, 666 (405 SE2d 741) (1991); compare Thompson v. Crownover, 259 Ga. 126 (381 SE2d 283) (1989). The present case deals with an allegedly unsafe condition in a pool on the premises and involves questions as to whether Rowland, by the exercise of ordinary care, could have avoided the danger. Under these facts, the applicable rules "impose liability only where the landlord has actual or constructive superior knowledge, and the plaintiff has a duty to exercise ordinary care for her own safety." Hall, supra; Steinberger v. Barwick Pharmacy, 213 Ga. App. 122, 125 (444 SE2d 341) (1994); see Biggs v. Long, 212 Ga. App. 195, 202-203 (441 SE2d 677) (1994); compare Bastien v. Metropolitan Park Lake Assoc., L.P., 209 Ga. App. 881, 882 (434 SE2d 736) (1993).