## A94A2046. CULBERSON v. LANIER et al.

(455 SE2d 385)

McMURRAY, Presiding Judge.

Devin C. Culberson brought an action against William C. Lanier and Trea Lanier for injuries allegedly sustained when she fell down an open stairwell at a house Trea Lanier was renting from his father, William C. Lanier. Culberson's claim against William C. Lanier is based on OCGA §§ 44-7-13 and 44-7-14, relating to liability of landlords for failing to keep leased premises safe and free of construction defects. The Laniers denied the material allegations of the complaint and moved for summary judgment. Construing the facts in a light which most favorably supports Culberson's claims, *Patterson v. First Assembly of God of Tifton*, 211 Ga. App. 718, 719 (440 SE2d 492), we observe the following:

Trea Lanier refurbished a rental house owned by his father as part of an agreement for him to reside at the house. The work included installation of a stairwell into the basement so as to provide access to the only bathroom. To this extent, Trea Lanier opened a hole in the kitchen floor and strung a row of stairs. However, he failed to install a rail around the stairwell in violation of an applicable building code. Thus, the stairs were literally like an open well.

Pursuant to a social invitation, Culberson arrived at Trea Lanier's home between 1:00 and 2:00 in the afternoon on November 16, 1992. Culberson had never before visited the small house so (at the outset) Trea Lanier gave her a tour of the main floor of his dwelling. The couple then began consuming alcohol, smoking tobacco and listening to music. After a short time, Culberson successfully descended the open stairwell and employed the bathroom facilities. She then came back up the stairs to the kitchen, sat at a table and watched Trea Lanier prepare a meal "for maybe 15 or 20 minutes." Lanier then turned away from Culberson "to get an ashtray . . ." and "heard sort of a thud." When Lanier turned to investigate, "she was gone. So [he] went down stairs, and [found Culberson] was lying on the [basement] floor. . . ." Neither Lanier nor Culberson knew what happened. As accounted from her deposition, Culberson "think[s] [her] sense got knocked out of [her] when [she] hit the [basement] floor because [she] don't remember going through the [stair] hole." The only thing Culberson remembers immediately after the fall is that she "got up[; that she] maybe smoked a cigarette or something like that [and that] Trea asked [her] how [she] got down there."

This appeal followed summary judgment in favor of the Laniers. *Held*:

1. Culberson complains because the trial court did not address (in its order) William C. Lanier's liability under OCGA §§ 44-7-13 and 44-7-14 for allowing an unsafe condition on his rental property, con-

tending public policy demands jury resolution on issues such as comparative negligence and assumption of the risk even though the defective stairwell (constructed in violation of a local building code) presented an open and obvious danger. See *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283); *The Flagler Co. v. Savage*, 258 Ga. 335, 337 (2) (368 SE2d 504); *Bastien v. Metropolitan Park Lake Assoc.*, 209 Ga. App. 881, 882 (434 SE2d 736). We do not agree.

Although landlords have duties created by statute to keep their premises safe, this does not mean they are always subject to liability for dangerous conditions existing on premises with their knowledge (constructive or actual) and consent. See *Roth v. Wu*, 199 Ga. App. 665 (1) (405 SE2d 741); *Plantation at Lenox Unit Owners' Assn. v. Lee*, 196 Ga. App. 420, 421 (2) (395 SE2d 817); *Hall v. Thompson*, 193 Ga. App. 574 (1) (388 SE2d 381). The issue pressed by Culberson thus becomes whether the trial court erred in finding, as a matter of law, that she failed to exercise ordinary care for her own safety in view of the open and obvious hazard. See *Rowland v. Colquitt*, 214 Ga. App. 545, 547 (2) (448 SE2d 457). Although we are of the view that the clear and undisputed circumstances of the case sub judice sustain the trial court's finding that Culberson's failure to watch out for her own safety was the sole proximate cause of any injuries Culberson sustained (Culberson traversed the stairs twice before her fall and she was fully aware of the hazard), we need not reach this issue.

"To recover in a [step]-and-fall case, the plaintiff must do more than prove the existence of an unsafe condition existing on the premises; he or she must also establish a causal connection between that condition and the injuries for which recovery is sought. In *Brown v. RFC Mgmt.*, 189 Ga. App. 603 (376 SE2d 691) (1988), this court held that where a plaintiff was unable to state what had caused her to slip and fall on a stairway located in her apartment building, the defendant property owner was entitled to summary judgment even though there was evidence that the stairway was not illuminated and was covered by a threadbare, loosely fitting carpet which might have caused the fall. Accord *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Bradley v. Red Food Stores*, 179 Ga. App. 39 (345 SE2d 127) (1986)." *Boyd v. Garden Center*, 197 Ga. App. 198, 200 (3) (397 SE2d 626). In the case sub judice, Culberson similarly testified (in her deposition) that she did not know what caused her fall or even how she made it to the bottom of the stairwell. Consequently, as Culberson offered no other evidence which would tend to establish a causal connection between her injuries and the absence of a stair rail, we must affirm the trial court's order granting summary judgment in favor of William C. Lanier. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. Culberson does not challenge (via argument) the propriety of

the trial court's order granting summary judgment in favor of Trea Lanier. Consequently, we do not reach that issue.

*Judgment affirmed. Pope, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur, but I cannot agree with the majority's reasoning on the issue of causation. A jury could reasonably infer by a preponderance of the evidence that Culberson would not have experienced the impact with the basement floor and injuries accompanying that fall but for the lack of a railing. Nevertheless, Culberson fails to show that the landlord was or should have been aware of the lack of a railing around the stairwell at the time of the fall. For this reason, I find *Bastien v. Metropolitan Park Lake Assoc.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993), to be distinguishable.

DECIDED MARCH 16, 1995.

*Davidson & Strain, William E. Davidson, Jr., Meeks & Richardson, W. Gene Richardson,* for appellant.

*Goodman, McGuffey, Aust & Lindsey, Judy F. Aust, Leslie S. Sullivan, David C. Keever,* for appellees.