A97A1520. WALKER v. BRUNO'S, INC.
(492 SE2d 336)

Judge Harold R. Banke.

Angela Walker sued Bruno's, Inc. d/b/a Foodmax ("Bruno's") for personal injuries allegedly sustained during a slip and fall in a Foodmax store. Following a defense verdict, Walker enumerates six errors.

On appeal, the evidence must be strongly construed to support the jury's verdict and the judgment. *Citizens Bank of Ball Ground v. Johnson*, 191 Ga. App. 155, 158 (2) (381 SE2d 121) (1989). Viewed in that manner, the evidence was as follows. Some time before the incident at issue, an employee distributed sample slices of watermelon to store customers. Prior to her fall, Walker remained in one location for about 15 minutes awaiting store assistance. Despite standing in the same area for 15 minutes, Walker did not observe any watermelon rinds or juice on the floor. After the delay, she took three or four steps and slipped and fell on watermelon juice. When the assistant store manager, Gilbert Encincio, arrived almost immediately after the fall, he saw some juice on the floor and picked up a small piece of rind. According to Encincio, the wet spot was about a foot square. He testified that he was unaware of any spills despite having finished sweeping the entire store about 30 minutes earlier.

In responding to interrogatories and deposition questions, Walker failed to fully disclose all pertinent information about her medical history, previous injuries, and prior criminal convictions. Although Walker claimed the incident at issue caused injuries to her

back and left knee, her medical records belied those assertions, revealing that she had been under treatment for her back and left knee since 1975. According to her medical records, she informed her treating physician that she had no prior problems with her knees, when, in fact, she had had surgery to both knees. At trial, she offered various rationalizations, including "I probably didn't understand the question," and "I probably made a mistake on that." Using certified copies of her two shoplifting convictions, Bruno's impeached Walker. *Held*:

1. Walker contends that the verdict was contrary to the evidence and lacked an evidentiary basis. On appeal, a jury verdict must be affirmed when it is supported by any evidence. *Professional Consulting Svcs. of Ga. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). Here, the evidence did not demand an outcome in Walker's favor inasmuch as the evidence was conflicting and disputed. See *Jordan v. Stephens*, 221 Ga. App. 8, 10 (3) (470 SE2d 733) (1996). As the factfinder, the jury was free to conclude that Walker failed to exercise ordinary care for her own safety or that Bruno's lacked knowledge of the alleged hazard. See *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984).

2. The trial court did not err in allowing the introduction of certified copies of Walker's prior convictions. This evidence was admissible after her testimony at trial contradicted information Walker had disclosed on a medical history form. See *O'Neal v. Kammin*, 263 Ga. 218, 219 (430 SE2d 586) (1993) (witness in a civil case may be impeached by proof that she had been convicted of a felony or other crime involving moral turpitude); *Tilley v. Page*, 181 Ga. App. 98, 99-100 (4) (351 SE2d 464) (1986) (shoplifting deemed to be crime of moral turpitude).

Moreover, in response to an interrogatory question, Walker indicated that she had one shoplifting conviction when, in fact, she had been convicted twice. See OCGA § 24-9-83. A witness may be impeached on a collateral matter, and the evidence tendered for impeachment purposes need not be of the kind or quality required to prove the facts in issue. *Morris v. State Farm Mut. Auto. Ins. Co.*, 203 Ga. App. 839, 842 (9) (418 SE2d 119) (1992).

Notwithstanding Walker's contrary assertion, the trial court did not permit cross-examination about the shoplifting convictions themselves, restricting counsel's inquiry to verification of the certified copies and to the inconsistent interrogatory response. Compare *Scott v. Chapman*, 203 Ga. App. 58, 59 (1) (416 SE2d 111) (1992). The transcript also belies Walker's claim that she was not afforded an opportunity to explain the circumstances surrounding the convictions. *Tilley*, 181 Ga. App. at 100 (4). Walker provided a long, rambling explanation of her version of the events. Compare *Johnson v. Ray*,

206 Ga. App. 262, 264 (4) (424 SE2d 892) (1992).

3. The trial court did not err in providing the pattern instructions on avoidance of consequences, superior knowledge, equal negligence, and comparative negligence. See Suggested Pattern Jury Instructions, Vol. I, Civil Cases, pp. 235-236. A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence. *Blankenship v. West Ga. Plumbing Supply*, 213 Ga. App. 275, 277-278 (444 SE2d 596) (1994). Here, Walker admittedly stood for nearly fifteen minutes within three or four steps of where she eventually slipped but failed to see watermelon juice on the floor near her feet and failed to observe a piece of rind which was readily visible to the assistant manager who arrived in the area almost immediately. Whether in exercising ordinary care for her own safety Walker should have seen the watermelon juice or whether she could have avoided the consequences of Bruno's alleged negligence were questions for jury resolution. OCGA § 51-11-7; see *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Whether both parties were equally negligent in failing to discover the hazard or whether Walker's negligence was less than Bruno's negligence were disputed issues to be resolved by the jury. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346) (1981). A charge on comparative negligence, as given here, requires only the existence of slight evidence from which a jury could infer negligence. *Norman v. Williams*, 220 Ga. App. 367, 370 (4) (469 SE2d 366) (1996). Under these facts, we are not able to find error with the instruction as a whole.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 23, 1997 — 

*L. B. Kent*, for appellant.

*Self, Mullins, Robinson & Marchetti, Ronald W. Self*, for appellee.