**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 26, 2018**

# In the Court of Appeals of Georgia

A18A1089, A18A1362. SHANE H. BERRYHILL et al. v. DALE P. DALY et al.; and vice versa.

BETHEL, Judge.

This appeal arises out of a medical malpractice action relating to Shane H. Berryhill's fall from a deer stand. Following a jury verdict in favor of Dr. Dale P. Daly, Berryhill filed a motion for a new trial, which was denied. Berryhill appeals that ruling arguing a number of errors pertaining to the jury instructions, a piece of demonstrative evidence, and comments made during closing. Dr. Daly cross-appeals, raising two errors that he suggests could arise should this court reverse and order a retrial. For the reasons set forth *infra*, we reverse.

"On appeal, the evidence is construed most strongly in support of the verdict and judgment." *Smith v. Norfolk Southern Railway Co.*, 337 Ga. App. 604, 605 (788

SE2d 508) (2016) (citation omitted). So construed, the evidence shows that Berryhill was prescribed blood pressure medication by a physician at a local care clinic. Berryhill later followed up with his cardiologist, Dr. Daly, who provided Berryhill with additional blood pressure medication. Soon after, Dr. Daly performed a surgical procedure on Berryhill to address a blocked artery. After the procedure, Dr. Daly discussed the post-surgical instructions with Berryhill's wife, including that Berryhill was not to engage in any strenuous or risky activity, or any lifting, bending, or stooping over. Dr. Daly and a nurse later went over Berryhill's physical limitations with him (i.e., that he could return to work in a week but not engage in any strenuous activity) and included these instructions in a discharge packet.

Nevertheless, five days later Berryhill went hunting with a friend and climbed up into a deer stand. Upon reaching the top, which was approximately eighteen feet off the ground, Berryhill fainted and fell from the stand, suffering serious injury.

Berryhill later brought suit against Dr. Daly[1] contending that Dr. Daly prescribed too much blood pressure medication, which caused him to faint. Dr. Daly denied these allegations. Prior to the start of trial, Dr. Daly filed two motions in

---

[1] Berryhill also brought suit against Walgreens pharmacy and the manufacturer of the deer stand. Berryhill later dismissed these defendants from the case.

2

limine seeking to exclude testimony from Berryhill's pharmacy expert and to introduce as admissions Berryhill's allegations against the manufacturer of the deer stand. The trial court held that Dr. Daly would be permitted to cross-examine Berryhill with regard to the factual allegations set forth in the complaint against the deer stand manufacturer, but ruled that the allegations did not constitute admissions and that the complaint could not be admitted as evidence. The trial court also granted Dr. Daly's motion to limit the expert pharmacist's opinion to his area of expertise. The case proceeded to trial.

At trial, the court allowed the jury to view a fully assembled demonstrative deer stand set up outside on the courthouse grounds, to which Berryhill objected due to its dissimilarities from the one he actually used. After the closing of evidence, the trial court also instructed the jury on assumption of the risk and avoidance of the consequences. Following the trial, the jury found in favor of Dr. Daly. Berryhill filed a motion for a new trial, which the trial court denied in a detailed order. This appeal, and Dr. Daly's cross-appeal, followed.

*Case No. A18A1089*

1. Berryhill first argues that the trial court erred in charging the jury on assumption of the risk. More specifically, as he did at trial, Berryhill argues that the

3

charge should not have been given at all, but that if given, it should have included the requirement that the plaintiff have a subjective understanding of the risk presented. We agree that the evidence did not justify a jury instruction on assumption of the risk.

> In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. A charge on assumption of the risk is appropriate where there is evidence that the plaintiff had subjective knowledge of the specific, particular risk of harm associated with the activity or condition that proximately causes injury, yet proceeded anyway.

*Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 81 (2) (532 SE2d 159) (2000) (cleaned up). "The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities[,]" but rather "is based in part on the reasoning that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone." *Id.* at 81-82 (2) (cleaned up). Thus, a jury instruction on assumption of the risk is authorized only when the plaintiff assumes a known risk arising from a defendant's conduct or failure to act. The

4

evidence supporting an instruction on an assumption of the risk need only be "slight." *See Russell v. Superior K-9 Svc., Inc.*, 242 Ga. App. 896, 898 (2) (531 SE2d 770) (2000).

Here, climbing into a deer stand was not a risk associated with Dr. Daly's duty to Berryhill. Thus, it would be incorrect to identify this risk (and knowledge thereof) as the risk justifying the jury instruction. *See Vaughn*, 243 Ga. App. at 81 (2). *Compare Teems v. Bates*, 300 Ga. App. 70, 72-73 (1) (684 SE2d 662) (2009) (holding that assumption of the risk instruction was warranted in case in which teenage plaintiff brought suit against individual driving car on which she was car surfing). Rather, the risk of syncope as a side effect of the medication was the particular risk in question.

The record suggests that Dr. Daly advised Berryhill not to engage in any strenuous activity. However, this does not establish that Berryhill knew he risked losing consciousness if he chose to disregard Dr. Daly's instructions. Nor is there any evidence in the record that Berryhill knew that dizziness or loss of consciousness were possible side effects of his blood pressure medication. Thus, there is no evidence establishing the first element necessary for an instruction on assumption of the risk and, in short, the requested instruction should not have been given. *See*

*Hillman v. Carlton Co.*, 240 Ga. App. 432, 434 (1) (522 SE2d 681) (1999) ("Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part." (citation omitted)); *Owens-Illinois, Inc. v. Bryson*, 138 Ga. App. 78, 79 (225 SE2d 475) (1976) ("assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it"). Therefore, the trial court's instruction to the jury on assumption of the risk was improper.

Further, we cannot say the error was harmless because it could have confused the jury into believing that any risk assumed by Berryhill could have formed the basis for a finding of no liability. Therefore, the judgment must be reversed and a new trial held. *See Jimenez v. Morgan Drive Away, Inc.*, 238 Ga. App. 638, 640 (1) (519 SE2d 722) (1999). "Assuming the evidence presented at the retrial is the same as that which was adduced here, no charge on assumption of the risk should be given." *Beringause v. Fogleman Truck Lines, Inc.*, 200 Ga. App. 822, 825 (4) (409 SE2d 524) (1991) (evidence did not demand a verdict for the appellees, and jury may have returned such a verdict on the erroneous premise that the death resulted from the decedent's own voluntary assumption of the risk).

2. Because the issue of whether a charge on avoidance of the consequences is authorized in this case is likely to recur on retrial, we address Berryhill's second enumeration of error.

We find that the trial court did not err in providing a jury instruction on avoidance of consequences. "A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence." *Walker v. Bruno's Inc.*, 228 Ga. App, 589, 591 (3) (492 SE2d 336) (citation omitted). The avoidance doctrine is based on the theory that "the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent." *Carrandi v. Sanders*, 188 Ga. App. 562, 563 (1) (373 SE2d 661) (1988) (citation omitted) (physical precedent only).

Here, there is evidence that Dr. Daly advised Berryhill not to engage in any strenuous activity for a week following his surgery. Assuming Dr. Daly was negligent in not giving further detail in these discharge instructions as Beryhill argues on appeal, Berryhill ultimately decided not to seek further clarification or guidance on this limitation before climbing approximately eighteen feet up into a deer stand just a few days later. Thus, it was a question for the jury whether in exercising ordinary

care for his own safety Berryhill could have avoided the consequences of Dr. Daly's alleged negligence. *See Walker*, 228 Ga. App. at 591 (3).

3. Berryhill argues that the trial court erred in allowing the jury to view an exemplar of the deer stand from which he fell because it was too dissimilar. We review the trial court's decision for abuse of discretion. *See McGee v. Jones*, 232 Ga. App. 1, 2 (1) (499 SE2d 398) (1998). Here, no abuse of discretion exists.

At trial and over Berryhill's objection, the trial court allowed the jury to view a fully assembled deer stand set up outside on courthouse grounds. The trial court instructed the jury that the deer stand was a "demonstrative exhibit" that was "not evidence in the case[,]" but was merely similar to, though not exactly the same as, the deer stand used by the defendant. The trial court reminded the jury that they had photographs of the actual deer stand that were admitted into evidence and indicated that the exemplar deer stand was not level and was held down by sandbags so that it would not topple over while being examined. Further, the trial court allowed Berryhill to be recalled to testify regarding the differences between the exemplar deer stand and the one from which he fell. Under these circumstances, we do not find the trial court's decision to admit the demonstrative evidence to be an abuse of discretion.

4. Berryhill's fourth enumeration need not be specifically addressed as it relates to matters not likely to recur at retrial.

*Case No. A18A1362*

5. Dr. Daly argues in his cross-appeal that Berryhill's expert pharmacy witness should have been excluded and that the expert's trial testimony that fell outside his area of expertise demonstrates this point. "The issue of the admissibility or exclusion of expert testimony rests in the broad discretion of the trial court, and consequently, the trial court's ruling thereon cannot be reversed absent an abuse of discretion. Further, we review a trial court's ruling on a motion in limine for abuse of discretion." *Yang v. Smith*, 316 Ga. App. 458, 459 (728 SE2d 794) (2012) (citations and punctuation omitted) (physical precedent only).

Here, the trial court limited the testimony of the expert pharmacy witness in both its order on the relevant motion in limine and at trial. More specifically, the trial court limited the pharmacy expert's testimony to his area of expertise (i.e., his understanding of the blood pressure medications prescribed to Berryhill and their side effects). While Dr. Daly cites to several instances in which he objected to the witness's trial testimony, he does not argue that the trial court's rulings on any of

9

these objections was error. Rather, he argues that the error was in the trial court's permitting the witness to testify in the first instance. We disagree.

Having reviewed the record, which shows that the pharmacy expert has substantial experience as a pharmacist, we find that the trial court did not abuse its discretion in refusing to exclude completely the expert's testimony. *See Ashley v. State*, 316 Ga. App. 28, 31 (2) (728 SE2d 706) (2012) ("The requirements for qualification as an expert witness are minimal[,]" and "an expert witness can express an opinion on a matter which comes within the person's qualifications." (footnote omitted)). This enumeration is without merit.

6. Dr. Daly next argues that the trial court erred by not allowing Dr. Daly to introduce Berryhill's allegations against the deer stand manufacturer as admissions. This was not error, as the allegations in Berryhill's complaint do not amount to evidence of the deer stand manufacturer's liability. *See McReynolds v. Krebs*, 307 Ga. App. 330, 334 (2) (705 SE2d 214) (2010) ("opinions and conclusions in pleadings are not admissions in judicio"). This enumeration also fails.

*Judgment reversed. Ellington, P. J., and Gobeil, J., concur.*