**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A2384.  CLEVELAND  v.  SENTINEL  INSURANCE COMPANY, LTD et al.

COOMER, Judge.

This appeal arises from two lawsuits filed by Helen Cleveland as a result of repair work done on her home to fix flood damage caused by a frozen water pipe. Summary judgment was granted on some claims and the remaining claims proceeded to a jury trial. Cleveland contends that the trial court erred by (1) granting summary judgment to Barko Reponse Team, Inc., on her claims for personal injury; (2) excluding the testimony of Cleveland's real estate agent regarding the current market value of her property; and (3) allowing Sentinel Insurance Company, Ltd. to call Cleveland's adult son as a rebuttal witness for purposes of impeachment. For the following reasons, we affirm.

It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence. Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case.

*Rubin v. Cello Corp.*, 235 Ga. App. 250, 250-251 (510 SE2d 541) (1998) (citations and punctuation omitted). So viewed, the evidence relevant to this appeal shows that Cleveland filed two lawsuits, which were later consolidated, against Sentinel, Monique Hahn, and Barko, among others, asserting claims arising from repair work done on her home to fix flood damage to her house that occurred after a water pipe froze and burst in 2012. Cleveland claimed that the repair work was deficient and led to mold infestation and personal injuries related to her exposure to mold. Cleveland alleged a number of claims, including damage to property, personal injury, breach of contract, and fraud. On February 22, 2017, the trial court granted summary judgment to Barko on Cleveland's personal injury claims. After a five-day trial, the jury returned a verdict (1) in favor of Cleveland against Barko in the amount

2

of $70,000 on Cleveland's claim for negligent construction and in the amount of $110,000 on Cleveland's claims for attorney fees; (2) in favor of Barko on Cleveland's claims for breach of contract and punitive damages; and (3) in favor of Sentinel and Hahn on Cleveland's claims of fraud, breach of contract, and bad faith. This appeal followed.

1. First, Cleveland contends that the trial court erred by granting summary judgment to Barko on her personal injury claims. We disagree.

(a) Cleveland argues that the trial court improperly excluded the expert testimony of Dr. Donald Dennis, which supported her personal injury claims against Barko. "The issue of the admissibility or exclusion of expert testimony rests in the broad discretion of the trial court, and consequently, the trial court's ruling thereon cannot be reversed absent an abuse of discretion. Further, we review a trial court's ruling on a motion in limine for abuse of discretion." *Berryhill v. Daly*, 348 Ga. App. 221, 225 (5) (822 SE2d 30) (2018) (citation omitted). See also *Butler v. Union Carbide Corp.*, 310 Ga. App. 21, 25 (1) (712 SE2d 537) (2011) (reviewing trial court's exclusion of expert testimony for abuse of discretion before reviewing whether summary judgment was proper under de novo standard of review).

3

OCGA § 24-7-702 governs the admissibility of expert testimony and requires that the trial court act as "gatekeeper to ensure the relevance and reliability of expert testimony." *Scapa Dryer Fabrics, Inc. v. Knight*, 299 Ga. 286, 289 (788 SE2d 421) (2016) (citation and punctuation omitted) (addressing expert testimony under former OCGA § 24-9-67.1). OCGA § 24-7-702 (b) provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if: (1) The testimony is based upon sufficient facts or data; (2) The testimony is the product of reliable principles and methods; and (3) The witness has applied the principles and methods reliably to the facts of the case which have been or will be admitted into evidence before the trier of fact.

To establish the admissibility of expert testimony under OCGA § 24-7-702, the trial court, as gatekeeper, must consider: (a) the qualifications of the expert; (b) the reliability of the testimony; and (c) the relevance of the testimony. See *Scapa Dryer Fabrics, Inc.*, 299 Ga. at 289. The burden of establishing the admissibility of the expert's opinions is on the party seeking to introduce the expert testimony. Id. at 293.

4

Applying these principles to the instant case, we find no abuse of the trial court's discretion in excluding the expert testimony of Dr. Dennis. In a well-reasoned order, the trial court fulfilled its role as gatekeeper. The trial court found that Dr. Dennis was "qualified to offer medical opinions about Cleveland's medical condition, diagnosis, treatment, and prognosis." The trial court then considered the issue of proximate causation and whether Dr. Dennis could "reliably testify that the mold in Cleveland's house, rather than mold or allergens from some other source, caused Cleveland's toxic mold problems and injuries." "[W]e have required expert medical testimony, 'based at least on reasonable probability,' to establish a causal link between exposure to a substance and a medical condition." *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 160 (3) (b) (658 SE2d 909) (2008) (citation omitted). "[E]xpert evidence is required where a 'medical question' involving truly specialized medical knowledge (rather than the sort of medical knowledge that is within common understanding and experience) is needed to establish a causal link between the defendant's conduct and the plaintiff's injury." *Cowart v. Widener*, 287 Ga. 622, 622 (697 SE2d 779) (2010) (emphasis omitted).

"Georgia case law requires . . . that an expert state an opinion regarding proximate causation in terms stronger than that of medical possibility, i.e., reasonable

5

medical probability or reasonable medical certainty." *Zwiren v. Thompson*, 276 Ga. 498, 503 (578 SE2d 862) (2003). "A plaintiff must submit expert medical testimony, based at least on reasonable probability, to establish a causal link between exposure to a substance and a medical condition. This is true at the summary judgment stage[.]" *Ellis v. Hartford Run Apartments LLC*, 335 Ga. App. 118, 122 (2) (c) (i) (779 SE2d 103) (2015) (citations and punctuation omitted). The trial court found "no indication that [Dr.] Dennis ever opined to a reasonable medical probability that the mold in Cleveland's house caused her symptoms or made a meaningful contribution to her injuries." The trial court acknowledged that Dr. Dennis testified in his deposition that "based on [Cleveland's] first visit, [he] thought her house was making her sick." However, the trial court also found that "nowhere in his deposition does [Dr.] Dennis state that the mold in Cleveland's house, vis-à-vis other potential sources of mold, made a meaningful contribution to her symptoms. Nor does [Dr.] Dennis profess that his opinions as to cause are based on a reasonable medical probability." The trial court noted that other than deposition testimony, Cleveland did not tender any affidavit or expert report by Dr. Dennis. The trial court concluded that Cleveland failed to meet her burden of showing that the testimony of Dr. Dennis was admissible under OCGA § 24-7-702 (b). Under the facts of this case, we cannot say that the trial

6

court abused its discretion when it granted Barko's motion to exclude his expert testimony.

(b) "Causation is an essential element of a toxic tort case, and proof of causation in such cases "generally requires reliable expert testimony." *Butler*, 310 Ga. App. at 30 (2) (citation omitted). Because the expert testimony of Dr. Dennis was properly excluded, the trial court did not err in granting summary judgment to Barko.

2. Next, Cleveland contends that the trial court erred by excluding the testimony of her real estate agent, Glennis Beacham, regarding the current market value of her property. We disagree.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902-903 (2) (517 SE2d 365) (1999).

In a deposition, Beacham testified that, in her opinion, Cleveland's house might need to be bulldozed:

Q: Now, you don't have an opinion that the home needs to be bulldozed, do you?
A: Actually, I think it might need to be.
Q: That's your opinion?
A: Yes.
Q: What do you base that on?

A: I don't think the home is inhabitable. And I think – I cannot imagine someone – if they knew all of this and thoroughly investigated this, I cannot imagine somebody paying more than lot value for this home.

Barko filed a motion in limine requesting that the trial court preclude Beacham from "testifying, either directly or indirectly, to the claim that [Cleveland's] home is so damaged it is uninhabitable and must be demolished." Barko argued that because Beacham is a lay witness, not an expert, the trial court should "preclude any testimony by Ms. Beacham that the home requires demolition and has no value beyond lot value."

In an order dated October 27, 2017, the trial court ruled that, as a lay witness, "Beacham may testify as to her efforts to sell Cleveland's home and as to the market value of the property. Beacham may also testify as to her personal experiences while in the home." However, the trial court ruled that because she is not an expert witness, "Beacham may not testify that the home is uninhabitable or should be demolished."

At trial, defense counsel made a motion in limine to prevent Beacham from testifying about the value of Cleveland's lot. The trial court ruled that Beacham could not testify about the value of the lot. Cleveland's counsel made a proffer of Beacham's testimony, asking her if she had "any basis on which to conclude the value

8

of this property if the house itself, the main house were not on this lot, if that house were not present and it was being sold as a lot?" Beacham testified that she was familiar with three larger lots near Cleveland's property that sold for $800,000, $600,000, and $812,000. Cleveland's counsel asked, "In your opinion, based on those comparable sales of somewhat larger lots, how much would this lot be valued at? What would be the fair market value of this lot without destruction?" Beacham answered, "Well, less than the three that I just talked about. Without – there is a lot that's .63 acres on Mt. Paran that's listed for 499. That's the only other thing that I could find."

In her enumeration of error, Cleveland contends that the trial court "abused its discretion in excluding the testimony of [Beacham] regarding the current market value of Cleveland's property[.]" However, in its October 29, 2017 order, the trial court specifically ruled that Beacham would be permitted to testify "as to the market value of the property." Cleveland seems to be arguing that by ruling at trial that Beacham could not testify about the value of the lot, the trial court was preventing her from testifying about the value of the entire property. Cleveland's proffer of Beacham's testimony did not include any testimony by Beacham regarding the

9

current market value of the entire property. Accordingly, Cleveland's enumeration has no merit.

3. Finally, Cleveland contends that the trial court abused its discretion by allowing Sentinel to call her adult son, Michael Cleveland, as a witness. Cleveland argues that although her son was designated as a rebuttal witness, he was clearly called as a witness to admit improper character evidence to inflame and prejudice the jury. We again disagree.

Michael Cleveland was named as a rebuttal witness after Cleveland identified Beacham and Carol Bitter as possible witnesses. Cleveland filed a motion in limine requesting to exclude her son as a rebuttal witness. Barko opposed the motion, contending that Michael Cleveland has personal knowledge of the state of Cleveland's house and furnishings after the house was flooded. The trial court denied Cleveland's motion. At trial, Michael Cleveland testified that he had last been in Cleveland's house in 2013 and he had seen no damage or mold at that time. He was then asked, "Do you have any experience, firsthand knowledge of Ms. Cleveland's dealings with other contractors working in the home during the timeframe of 2012 forward?" Michael Cleveland answered, "Yes, I do." He then testified: "She has told me and my daughter, sometimes she's hired these contractors because at the end she

would state that she wasn't satisfied with the work. And since she's an attorney and has unlimited legal resources, it would be cheaper for the contractors to write off the work than to challenge her in court."

Cleveland contends that her son's testimony about her treatment of contractors was character evidence that was not proper impeachment testimony. She argues that the "trial court's decision to allow such hateful testimony was a dramatic abuse of discretion that alone requires reversal of the judgment and remand for a new trial." However, "[i]t is axiomatic in Georgia appellate law that an appellant, to secure a reversal, must show not only error but harm." *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468) (1981). Cleveland concedes that "she had admitted many times under oath that there were times when she did not pay contractors for faulty work." Furthermore, the jury returned a verdict against Barko in the amount of $70,000 on her claim for negligent construction and in the amount of $110,000 on her claim for attorney fees. Pretermitting whether her son's testimony was properly admitted, Cleveland has shown no harm from the admission of his testimony.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*