**THIRD DIVISION**
**GOBEIL, J.,**
**HODGES, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 22, 2021**

# In the Court of Appeals of Georgia

A18A1089. BERRYHILL et al. v. DALY et al.

PHIPPS, Senior Appellate Judge.

In Division 1 of *Berryhill v. Daly*, 348 Ga. App. 221 (822 SE2d 30) (2018), an appeal arising from a medical malpractice action, this Court reversed the trial court's judgment, holding that the trial court erred in charging the jury on assumption of the risk. The Supreme Court of Georgia reversed our judgment in that Division. See *Daly v. Berryhill*, 308 Ga. 831 (843 SE2d 870) (2020). Therefore, we vacate Division 1 of our opinion and adopt the opinion of our Supreme Court as our own as to that Division. Divisions 2 and 3 of our original opinion remain unchanged, and Divisions 5 and 6 are now moot based on this opinion.

In Division 4 of our original opinion, this Court declined to address Berryhill's argument that the defense made an improper closing argument, finding that it related

to matters unlikely to recur on retrial. See *Berryhill*, 348 Ga. App. at 225 (4). In light of the Supreme Court's reversal of Division 1 of *Berryhill*, we normally would now address this claim. See generally *Turner v. State,* 351 Ga. App. 600, 601 (831 SE2d 835) (2019); *Wiggins v. State*, 279 Ga. App. 901, 901-902 (633 SE2d 381) (2006). However, for the following reasons, we find that Berryhill has waived this argument.

The record in this case shows that "Shane Berryhill fainted and fell out of an 18-foot deer stand while hunting five days after undergoing major heart surgery. Berryhill and his wife . . . sued his surgeon, Dr. Dale Daly, and Savannah Cardiology, . . . claiming Daly's negligent prescribing caused him to faint." *Daly*, 308 Ga. at 831. Berryhill alleges that the defense made improper closing arguments regarding Dr. Daly's reputation, the importance of his career to him, and whether he would lie in front of his mother. Berryhill, however, made no objection to the defense's closing argument. As a result, this issue is waived. See *Kelley v. Purcell*, 301 Ga. App. 88, 91 (686 SE2d 879) (2009) ("[B]ecause Kelley did not object at the time Purcell's counsel made this argument, she waived the issue for appeal.").

Berryhill relies on *Stolte v. Fagan*, 291 Ga. 477, 479-483 (2) (731 SE2d 653) (2012), disapproved of on other grounds by *Willis v. State*, 304 Ga. 686, 706 n. 3 (820 SE2d 640) (2018), to support his assertion that this Court can review the improper

2

closing argument despite his failure to object. However, his reliance on *Stolte* is misplaced. In *Stolte*, Stolte made an *untimely* objection by waiting until opposing counsel had concluded his argument. *Stolte*, 291 Ga. at 482 (2) (b). The Supreme Court held that "the *untimeliness* of Stolte's objection does not . . . preclude all appellate review of this issue. Rather, when no *timely* objection is made, the standard for reversible error is 'whether the improper argument in reasonable probability changed the result of the trial.'" Id. at 483 (citation omitted; emphasis supplied). See also *Auto-Owners Ins. Co. v. Dolan*, 342 Ga. App. 179, 184-185 (5) (803 SE2d 104) (2017), and *Young v. Griffin*, 329 Ga. App. 413, 414-417 (2) (765 SE2d 625) (2014) (reviewing untimely objections to closing arguments for whether they, in reasonable probability, changed the result of the trial.)

Here, Berryhill made no objection whatsoever to this alleged improper argument. Berryhill cites to no authority, and we have found none, that would permit this Court to review this enumeration on the merits despite the complete absence of an objection. See *Gates v. State*, 298 Ga. 324, 328 (4) (781 SE2d 772) (2016) ("[B]ecause Gates did not object to the prosecutor's argument at trial, he has waived review of these arguments on appeal, as the alleged errors here based on improper remarks during closing argument are not subject to review on appeal for plain

3

error."); *Haskins v. Ga. Neurosurgical Institute, P.C.*, 355 Ga. App. 781, 789 (7) (845 SE2d 770) (2020) ("The appellants' further argument concerning a purported prejudicial statement about Dr. Rowe during defense counsel's closing argument provides no basis for a new trial since no such objection was made at trial."). Accordingly, Berryhill has waived any argument regarding an improper closing argument, and this enumeration presents nothing for our review.

*Judgment affirmed. Gobeil, J., and Hodges, J., concur*.